People of the State of Illinois ex rel. William G. Barclay, Appellee, v. West Chicago Park Commissioners et al., Defendants. Chicago Park District et al., Appellants.

Gen. No. 41,426.

HEBEL, P. J., dissenting.

Opinion filed February 26, 1941.   Rehearing denied March 10, 1941.

JOHN O. REES, of Chicago, for appellants; MARTIN G. LOEFF, DAVID KATZ and HARRY P. HENSEL, all of Chicago, of counsel.

McINERNEY & POWER, of Chicago, for appellees.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This cause comes before us on a petition by plaintiff, seeking to compel the Chicago Park District and its commissioners, as additional parties defendant, to carry out the terms and provisions of a judgment entered against the West Chicago Park Commissioners and its commissioners, together with other officers, which commanded the issuance of a writ of mandamus to reinstate the plaintiff to the position of Assistant Superintendent of Parks and to pay him the salary for said position during the period he was kept out of employment, partly in cash and the remainder at such time as the other former employees of West Chicago Park Commissioners should be paid for the same period of time, and seeking the issuance of a writ of mandamus for such purpose.  The original plaintiff has been joined in his petition by one Virtus Rohm, who claims to be an assignee for value of said claim for salary and who was made an additional party

plaintiff on the same day that the order was entered in this cause, commanding the issuance of a writ of mandamus as to the Chicago Park District and its commissioners.

A motion for a summary judgment was made by the plaintiff and assignee which was supported by their affidavit. The defendants, Chicago Park District and its commissioners filed an affidavit of merits thereto.

An order was entered by the trial court directing the issuance of an alias writ of mandamus directed against the Chicago Park District and its commissioners, commanding them to pay to plaintiff and assignee the sum of $6,028, being the balance claimed to be due as the result of the original judgment order in mandamus entered in this cause together with interest at 5 per cent per annum from December 28, 1932. Subsequently, it was ordered that the notice of appeal operate as a supersedeas.

On November 10, 1932, the original petition for mandamus was filed by plaintiff, William G. Barclay, and was directed to only the West Chicago Park Commissioners, its commissioners and other officers, and at that time the Chicago Park District was not in existence. It is substantially alleged that plaintiff occupied the position in the classified service of Assistant Superintendent of Parks; that he was being illegally kept out of his employment by the employment of temporary appointees under the title of District Supervisors, and prayed for the issuance of a writ of mandamus directed to the original defendants to reinstate plaintiff and assign him to duty, and that defendants be directed to pay to plaintiff any sums due him from the West Chicago Park Commissioners for wages or salary "from the date of reinstatement and reassignment to duty, with the same right to continue in the performance thereof and receive salary therefor as the plaintiff had prior to his unlawful lay-off."

The West Chicago Park Commissioners, its commis-

sioners and officers, filed an answer which in substance denied the material allegations of the petition.

On December 28, 1932, the trial court entered a judgment order for a writ of mandamus in favor of plaintiff and against West Chicago Park Commissioners, its commissioners and officers, finding the issues in favor of plaintiff, directing the reinstatement of plaintiff to his position and the payment of salaries for the period he was alleged to have been kept out of employment amounting to $12,749.35, in the following manner:

The sum of $6,185.58 in cash for the period from February 28, 1930 to June 30, 1931;

The sum $6,563.77 for the period from July 1, 1931 to December 28, 1932, at such time as other employees of West Chicago Park Commissioners are paid for said period.

No appeal was taken from this judgment and it is claimed it became *res adjudicata.*

It is alleged that plaintiff was reinstated by the commissioners of West Chicago Park Commissioners and paid the sum of $6,185.58 in cash, as provided by said decree; that subsequently additional amounts were paid by West Chicago Park Commissioners, bringing the total paid to the sum of $6,720.55, leaving an unpaid balance, as provided in said mandamus judgment of $6,028.80.

Plaintiff's theory of the case is that the Chicago Park District and its commissioners are successors of and to the West Chicago Park Commissioners and that as such successors are obligated to carry out the terms of the mandamus judgment which was entered against the West Chicago Park Commissioners. That said mandamus judgment was final and binding upon the West Chicago Park Commissioners and therefore final and finding upon their successors, the Chicago Park District and its commissioners. That the Chicago Park District and its commissioners having taken over the assets and property of the West Chicago Park Com-

missioners therefore assumed and are chargeable with the liabilities, burdens and obligations of the West Chicago Park Commissioners, not in part as contended for by the Chicago Park District and its commissioners, but *in toto*.

Defendants' theory of the case is that the Chicago Park District was not a successor to West Chicago Park Commissioners in so far as the enforcement of any judgment in mandamus against the West Chicago Park Commissioners was concerned; that the commissioners of the Chicago Park District are not the successors of the commissioners of West Chicago Park Commissioners; that when the West Chicago Park Commissioners and its commissioners ceased to exist, the mandamus judgment commanding the performance of certain acts by them also ceased to exist and became null and void; that since said West Chicago Park Commissioners and its commissioners legally ceased to exist, there could be no successors to them in contemplation of law, and that since the commissioners of Chicago Park District were not appointed to and did not fill the positions which were formerly occupied by the commissioners of West Chicago Park Commissioners, they did not become the defendants to the original suit and judgment; that since they did not become defendants to the original suit and judgment and the court lost jurisdiction of the judgment after the term expired, the court could not, 7 years later, make them parties to the judgment and order that summons issue as to them; that such act of the court constitutes an act amending the judgment and was beyond the authority of the court; that in addition thereto the court having vacated the judgment as to the president of West Chicago Park Commissioners, it did not remain in existence as to any alleged successor. Furthermore, that the original mandamus judgment only commanded the performance of certain acts on behalf of

Barclay, the relator therein; that since Barclay assigned said indebtedness to Rohm, he had no further interest therein and could not enforce the judgment; that said mandamus judgment being personal as to him, the right to relief by writ of mandamus could not pass to the assignee although the indebtedness itself might; that therefore when Barclay assigned said indebtedness to Rohm, and lost all interest therein, the mandamus judgment became of no force and effect and a nullity and no longer enforcible. That the court had no jurisdiction to make Rohm a party to the cause, in effect party relator, 7 years after the judgment was entered, he not being a party to the original judgment; that the court had no right to make Chicago Park District and its commissioners parties defendant to said judgment without giving them an opportunity to be heard upon the merits and the other issues involved in a mandamus proceeding such as demand, existence of funds, duty to act, etc. The court had no right to command the payment of interest on the alleged amount claimed to be due since the original order did not command the payment of such interest and the theory under which the order in question was issued was that the court was merely carrying out the terms of the original judgment as to the successors. That the court in effect is not enforcing the original mandamus judgment but is, 7 years later, without a hearing on the issues involved, entering a new and entirely different judgment. That the order for payment of interest provides for the payment of interest covering the entire period since the date of the judgment, namely from 1932, despite the fact that the Chicago Park District has only been in existence since 1934; that the court was without authority to enter a judgment on the motion of plaintiffs for summary judgment by reason of the fact that the following issues of fact were created by the affidavit of the petitioners and

the affidavit of merits in reply thereto, namely; the question of demand, the question of laches, the question of the existence of funds with which plaintiff could be legally paid, the question of the duty to act, the question of the power of defendants to act, the question of unreasonable and vexatious delay, when the period of unreasonable and vexatious delay commenced, and the questions of fact as to the merits of the issues involved in the original proceeding, on all of which issues of fact, the defendants, Chicago Park District and its commissioners, were entitled to a trial upon the merits.

The position taken by defendants aside from being inequitable, is set forth at great length. It is quite evident that they expect this court to review the judgment which was entered against their predecessor West Chicago Park Commissioners some 8 years ago, and believe that they may now come into court and take up those questions anew without an appeal.

It appears that on or about May 1, 1934, the legislature consolidated the park districts in Chicago under the name of the Chicago Park District; (Ill. Rev. Stat. 1939, ch. 105, secs. 333.1, 333.12, 333.13, 333.29, 333.36 [Jones Ill. Stats. Ann. 96.551, 96.562, 96.563, 96.573(5), 96.573(12)]), that for every practical purpose they succeeded to the rights, duties and obligations of the various commissioners of the various parks. *People v. Kelly,* 357 Ill. 408; Ill. Rev. Stat. 1939, ch. 87, sec. 8, page 2015 [Jones Ill. Stats. Ann. 109.432]; *Kocsis v. Chicago Park District,* 362 Ill. 24; *LePitre v. Chicago Park District,* 374 Ill. 184; 38 Corpus Juris, pages 938, 939.

Thereafter the Chicago Park District was made a party and it is contended by the defendant that this was an amendment to the mandamus judgment. Such actions did not constitute an amendment of the alias peremptory writ. Ill. Rev. Stat. 1939, ch. 87, sec. 8, page 2015 [Jones Ill. Stats. Ann. 109.432]; *People ex*

*rel. Midland Ry. Co. v. Supervisor of Barnett Township*, 100 Ill. 332; *People ex rel. Burgeson v. West Chicago Park Commissioners*, 275 Ill. App. 387; *People ex rel. Callahan v. DeYoung*, 298 Ill. 380.

It is quite evident that the judgment of the trial court against the West Chicago Park Commissioners was accepted by them as being final for the reason that after contempt proceedings were instituted against them, said defendants restored Barclay to his position as Assistant Superintendent of Parks and paid to Barclay and Rohm, assignee, the sum of $6,720.55 on the amount awarded to Barclay as and for salary which he would have earned but for his illegal discharge and separation from his position as Assistant Superintendent of Parks. The records show that a partial satisfaction was executed by Barclay and Rohm, assignee, and filed in the office of the clerk of the superior court, and we cannot see how the Chicago Park District can expect to again litigate that question.

As is set forth in 38 Corpus Juris at page 937:

"The rule of res judicata applies to the judgment for a peremptory writ of mandamus, and all questions raised or which could have been raised in opposition to granting the writ are concluded by the issue of the writ and cannot be raised again in resisting obedience or in justification of disobedience."

The next question to be decided is: Did the Chicago Park District succeed the West Chicago Park Commissioners? In upholding the constitutionality and validity of the act with relation to creating the Chicago Park District, the Supreme Court in the case of *People v. Kelly*, 357 Ill. 408, at page 415, said:

"The powers expressed in the title imply all incidental authority necessary to enable the new district to operate and make improvements. These functions carry with them the power to levy taxes, to issue bonds, and otherwise, within the provisions of the act,

to generally assume the burdens and perform the duties previously imposed upon the twenty-two separate districts." See also *Chicago Park District v. Lattipee,* 364 Ill. 182.

Defendants in their affidavit of merits admitted that the Chicago Park District is the successor to the West Chicago Park Commissioners, when they stated: "Defendants admit that Chicago Park District, under the statute, was in succession to the West Chicago Park Commission."

In paragraph 7 of said affidavit defendants admit that salaries were paid to former employees of West Chicago Park Commissioners.

We are of the opinion that the trial court was not in error in making the Chicago Park District a party to this suit by virtue of the Mandamus Act, ch. 87, sec. 8, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 109.432], which reads as follows:

"8. SUIT NOT TO ABATE FOR DEATH, ETC.] § 8. The death, resignation or removal from office, by lapse of time or otherwise, of any defendant, shall not have the effect to abate the suit, but his successor may be made a party thereto, and any peremptory writ may be directed against him."

In interpreting the foregoing statute, the Supreme Court in the case of *People ex rel. Illinois Midland Ry. Co. v. Supervisor of Barnett Township,* 100 Ill. 332, said:

"Where a peremptory writ of *mandamus* has been awarded against the supervisor of a town, commanding him to execute, in behalf of the town, certain bonds to the relator, and the officer has not obeyed the command of the writ, and his term of office has expired, an *alias* peremptory writ may properly be awarded against his successor in office, to compel him to perform the acts which the former had been by the first writ ordered to perform. This is but a repetition of

the writ against the same party represented by another person. It is not making a new party, or any amendment to the judgment or record, within any rule not allowing amendments. The duty upon the officer first commanded to execute it, is a continuing duty upon him and his successors in office until it is performed.''

In *Moore v. Town of Browning,* 373 Ill. 583, the court at page 588, said: ''Courts are empowered to require that officers perform all acts which the law requires of them in order to fully secure the rights of the plaintiff or yield him a remedy, and this is true whether the action of such officer be a single act or a series of acts. It is plain that the power of the court to require such acts continues until all are fully performed and full remedy has been meted out to the plaintiff.''

Another point raised by defendant is that the judgment was amended when Virtus Rohm was made a party to the suit, as assignee. This, of course, was done according to the provisions of the statute. Section 54 of the Civil Practice Act (Ill. Rev. Stat. 1939, ch. 110, sec. 178 [Jones Ill. Stats. Ann. 104.054]) covers this point fully and provides for the making of assignee an additional party and for carrying on of the cause or proceeding with the continuing parties and such new and additional party without a change in title, and the trial court on June 5, 1940, rightfully entered an order making Virtus Rohm, assignee, an additional party plaintiff to this cause.

It is also claimed by defendants that the entry of the summary judgment against the Chicago Park District, successor to the West Chicago Park Commissioners, was error. By reading the so-called affidavit of merits, it can readily be seen that defendants have set up no substantial triable facts, and under such circumstances, it was the duty of the trial court to enter a summary judgment. In *People ex rel. Ames v. Marx,*

370 Ill. 264, the Supreme Court so decided, and in the case of *Spry v. Chicago Ry. Equipment Co.*, 298 Ill. App. 471, the court at page 478, said:

"The trial court, of course, must determine from the affidavits filed whether the defendant has interposed a sufficiently good defense to entitle it to defend, but where defendant's affidavits present no substantial triable issues of fact, the court will grant the motion for a summary judgment."

The next point raised is whether the court was justified in assessing interest for unreasonable and vexatious delay. On December 28, 1932, the trial court entered the first judgment order for mandamus against the West Chicago Park Commissioners. Since that time they paid one half of said judgment, after they had been cited for contempt of court. The other half which amounts to $6,028.80, they have not paid, although they had ample money on hand with which to pay it and they have paid the other employees of the Park, but they refused to pay the remaining half of the judgment. Chapter 74, par. 2, sec. 2, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 67.02], provides that creditors shall be allowed to receive interest at the rate of five per cent per annum for all moneys withheld by an unreasonable and vexatious delay in payment. We think that statute is applicable to the facts in this case. *Cook v. City of Staunton*, 295 Ill. App. 111.

Other points are raised but they are not controlling in this opinion.

Having read the record, we are of the opinion that the delays since 1932 in making payment of the amount due in compliance with the court's order, were both vexatious and unreasonable.

For the reasons herein given the judgment of the superior court is affirmed.

*Judgment affirmed.*

BURKE, J., concurs.

HEBEL, P. J., dissents.