(Nos. 68218, 68219 cons.—

ESIDA YASSIN, a Minor, by Sofia Yassin, her mother and next friend, Appellant and Cross-Appellee, v. CERTIFIED GROCERS OF ILLINOIS, INC., *et al.* (Mizyed-Yassin Corporation, Appellee and Cross-Appellant; Zurich American Insurance Company, Appellee and Cross-Appellant; American Guaranty Insurance Company, Appellee and Cross-Appellant).

*Opinion filed January 24, 1990.*

STAMOS, J., took no part.

Milton M. Blumenthal, of Milton M. Blumenthal & Associates, of Chicago (Sidney Z. Karasik, of counsel), for appellant and cross-appellee.

.

.

French, Rogers, Kezelis & Kominiarek, P.C., of Chicago (Kendal A. Crooks, John P. Prusik and Russell P. Veldenz, of counsel), for appellees and cross-appellants.

CHIEF JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Esida Yassin, a minor, by Sofia Yassin, her mother and next friend, filed a personal injury action in the circuit court of Cook County against, among others, Mizyed-Yassin Corporation (Mizyed-Yassin). Plaintiff's personal injury action proceeded to trial and, on October 29, 1983, the jury returned a verdict against Mizyed-Yassin and awarded plaintiff $300,000 in compensatory damages.

Plaintiff appealed the $300,000 judgment entered in her favor and argued, among other things, that the judgment was inadequate. The appellate court affirmed the judgment (150 Ill. App. 3d 1052) and this court denied plaintiff's petition for leave to appeal.

Plaintiff then filed a garnishment action, which is the subject of the instant appeal, in the circuit court of Cook County against Mizyed-Yassin, Zurich American Insurance Company (Zurich American) and American Guaranty Insurance Company (American Guaranty), hereinafter collectively referred to as defendants. Plaintiff filed the garnishment action in order to recover the $300,000 judgment entered in her favor in the prior personal injury action plus 9% interest per annum from the date of that judgment pursuant to section 2—1303 of the Illinois Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1303).

Shortly thereafter, Mizyed-Yassin filed a motion to tender judgment which sought to limit the amount of interest plaintiff would receive pursuant to section 2—1303 of the Code. Plaintiff filed a response to Mizyed-Yassin's

motion and a countermotion. Plaintiff's countermotion sought: (1) to recover an additional 5% interest per annum pursuant to section 2 of the Illinois Interest Act (Interest Act) (Ill. Rev. Stat. 1985, ch. 17, par. 6402); (2) to recover attorney fees and other costs pursuant to section 155 of the Illinois Insurance Code (Insurance Code) (Ill. Rev. Stat. 1985, ch. 73, par. 767); and (3) to impose sanctions pursuant to section 2—611 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). The circuit court denied both Mizyed-Yassin's motion and plaintiff's countermotion. Plaintiff appealed and defendants cross-appealed.

On appeal, the appellate court affirmed in part and reversed in part. In affirming the circuit court, the appellate court held that: (1) plaintiff was entitled to 9% interest per annum from the date of the judgment pursuant to section 2—1303 of the Code; (2) plaintiff was not entitled to 5% interest per annum pursuant to section 2 of the Interest Act; and (3) plaintiff was not entitled to attorney fees and other costs pursuant to section 155 of the Insurance Code. In reversing the circuit court, the appellate court held that sanctions may have been warranted pursuant to section 2—611 of the Code and, therefore, remanded the matter to the circuit court for further proceedings. (178 Ill. App. 3d 498.) This court granted both plaintiff's and defendants' petitions for leave to appeal (107 Ill. 2d R. 315) and consolidated them on appeal.

The issues presented for review are: (1) whether the appellate court erred in holding that plaintiff was entitled to 9% interest per annum from the date of the judgment pursuant to section 2—1303 of the Code; (2) whether the appellate court erred in holding that plaintiff was not entitled to 5% interest per annum pursuant to section 2 of the Interest Act; (3) whether the appellate court erred in holding that plaintiff was not entitled

to attorney fees and other costs pursuant to section 155 of the Insurance Code; and (4) whether the appellate court erred in holding that sanctions may have been warranted pursuant to section 2—611 of the Code.

The first issue presented for review is whether the appellate court erred in holding that plaintiff was entitled to 9% interest per annum from the date of the judgment pursuant to section 2—1303 of the Code. Section 2—1303 of the Code provides in part:

> "Judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied ***. When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment. The judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment." Ill. Rev. Stat. 1985, ch. 110, par. 2—1303.

Section 2—1303 of the Code entitles an appealing judgment creditor to draw interest on the judgment during the pendency of the appeal. (See *Pinkstaff v. Pennsylvania R.R. Co.* (1964), 31 Ill. 2d 518, 524 (construing Ill. Rev. Stat. 1963, ch. 74, par. 3, which preceded section 2—1303 of the Code).) However, an appealing judgment creditor's right to draw interest on the judgment during the pendency of the appeal stops if, pursuant to section 2—1303 of the Code, the judgment debtor tenders payment of the judgment, costs and interest accrued on the judgment to the date of tender. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1303; *Pinkstaff*, 31 Ill. 2d at 524.) Similarly, an appealing judgment creditor's right to draw interest on the judgment during the pendency of the appeal stops if the judgment debtor offers to tender payment of the judgment, costs and interest accrued on

the judgment to the date of tender and the judgment creditor rejects the offer. *Casciola v. Gardner* (1981), 101 Ill. App. 3d 852, 855-56; *Needy v. Sparks* (1979), 74 Ill. App. 3d 914, 918.

Defendants contend that Mizyed-Yassin, the judgment debtor, offered to tender payment of the policy limits in satisfaction of the judgment on November 28, 1983, January 31, 1984, and December 15, 1986; that plaintiff, the judgment creditor, rejected each of the offers; and, as a result, that plaintiff's right to draw interest on the judgment during the pendency of her appeal stopped. Accordingly, we must determine whether Mizyed-Yassin's alleged offers to tender payment of the policy limits were legally sufficient offers of the judgment, costs and interest accrued on the judgment to the date of tender.

The first alleged offer to tender payment of the policy limits occurred on November 28, 1983, when Mizyed-Yassin filed a motion to strike part of the judgment order relating to costs. The motion provided in part:

"d) That the entire limit of said policy, to wit: $300,000.00, was tendered by the attorneys for Mizyed-Yassin Corporation in open court in settlement or covenant in March of 1983 and said tender was rejected by plaintiffs through their attorney. *That said tender continues to remain open.*" (Emphasis added.)

On January 26, 1984, Mizyed-Yassin filed a motion for direction which sought, among other things:

A. *An order denying the payment of interest on* *** *said Judgment[ ],* ***;

* * *

E. *That the Court declare that no interest on said judgment[ ] is due and owing this defendant.*" (Emphasis added.)

Five days later, on January 31, 1984, the second alleged offer to tender payment of the policy limits occurred

during a hearing on Mizyed-Yassin's motion for direction. The transcript of that hearing provides in part:

"[MIZYED-YASSIN'S ATTORNEY]: \*\*\* *We are asking the court to hold there is not interest on this judgment* \*\*\*.

\* \* \*

[MIZYED-YASSIN'S ATTORNEY]: *We have been ready, willing and able to pay since March of 1983.*

\* \* \*

[MIZYED-YASSIN'S ATTORNEY]: \*\*\* *We are not willing to pay interest.*" (Emphasis added.)

The final alleged offer to tender payment of the policy limits occurred on December 15, 1986, when defendants' attorney sent a letter to plaintiff's attorney. The letter provided in part:

"As you are aware, the Zurich Insurance Company has stood ready to pay its entire limits since March of 1983 to dispose of the matter. *That remains their position.*" (Emphasis added.)

It is readily apparent from reviewing the record that Mizyed-Yassin offered to tender payment of the policy limits and costs; *they, however, never offered to tender, or intended to tender, payment of interest accrued on the judgment to the date of tender.* Consequently, the offers to tender payment of the policy limits and costs were not legally sufficient offers. Therefore, plaintiff's statutory right to draw interest on the judgment during the pendency of her appeal did not stop and she is entitled to 9% interest per annum from the date of the judgment pursuant to section 2—1303.

The second issue presented for review is whether the appellate court erred in holding that plaintiff was not entitled to 5% interest per annum pursuant to section 2 of the Interest Act. Section 2 of the Interest Act provides in part:

"Creditors shall be allowed to receive at the rate of five (5) per centum per annum *** on money withheld by an unreasonable and vexatious delay of payment." Ill. Rev. Stat. 1985, ch. 17, par. 6402.

Plaintiff contends that she is entitled to 5% interest per annum pursuant to section 2 of the Interest Act in addition to the 9% interest per annum pursuant to section 2—1303 of the Code. Plaintiff's contention is based on her belief that section 2 of the Interest Act is a "penalty" provision and that defendants should be penalized for their "unreasonable and vexatious delay" in paying the judgment, costs and interest on the judgment.

Plaintiff has not cited to any relevant case law in support of her contention that section 2 of the Interest Act is a "penalty" provision. Instead, plaintiff cites to *People ex rel. Barclay v. West Chicago Park Commissioners* (1941), 308 Ill. App. 622, and argues that the *Barclay* court "appears" to have awarded interest pursuant to both the predecessor to section 2 of the Interest Act and the predecessor to section 2—1303 of the Code. *Barclay* does not stand for that proposition. Indeed, the *Barclay* court only awarded interest pursuant to the predecessor to section 2 of the Interest Act. *Barclay*, 308 Ill. App. at 632.

The third issue presented for review is whether the appellate court erred in holding that plaintiff was not entitled to attorney fees and other costs pursuant to section 155 of the Insurance Code. Section 155 of the Insurance Code provides in part:

"(1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney

fees, other costs, plus an amount not to exceed any one of the following amounts: \*\*\*." Ill. Rev. Stat. 1985, ch. 73, par. 767.

As a general rule, the remedy embodied in section 155 of the Insurance Code extends only to the party insured (*Stamps v. Caldwell* (1971), 133 Ill. App. 2d 524, 528) and policy assignees (see *Loyola University Medical Center v. Med Care HMO* (1989), 180 Ill. App. 3d 471; *Aabye v. Security-Connecticut Life Insurance Co.* (N.D. Ill. 1984), 586 F. Supp. 5). Therefore, the remedy embodied in section 155 of the Insurance Code does not extend to third parties. See *Loyola*, 180 Ill. App. 3d 471; *Robertson v. Travelers Insurance Co.* (1981), 100 Ill. App. 3d 845; *Scroggins v. Allstate Insurance Co.* (1979), 74 Ill. App. 3d 1027; *Stamps*, 133 Ill. App. 2d 524.

Plaintiff contends that she is entitled to attorney fees and costs pursuant to section 155 of the Insurance Code, because defendants "unreasonably and vexatiously" delayed paying the judgment, costs and interest on the judgment. Plaintiff's contention is, however, misplaced, because Mizyed-Yassin is the insured party and it has not made an assignment of its policy. Consequently, plaintiff is a third party and the remedy embodied in section 155 of the Insurance Code does not extend to her. Therefore, plaintiff is not entitled to attorney fees and other costs pursuant to section 155 of the Insurance Code.

The final issue presented for review is whether the appellate court erred in holding that sanctions may have been warranted pursuant to section 2—611 of the Code. Section 2—611 of the Code provides in part:

"Every \*\*\* motion \*\*\* shall be signed by at least one attorney of record in his individual name, whose address shall be stated. \*\*\* The signature of an attorney \*\*\* constitutes a certificate by him that he has read the \*\*\* motion \*\*\*; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well

grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a *** motion *** is signed in violation of this Section, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the *** motion ***, including a reasonable attorney's fee." Ill. Rev. Stat. 1987, ch. 110, par. 2—611.

One purpose of section 2—611 of the Code is to penalize litigants who make frivolous motions. (See *In re Estate of Wernick* (1989), 127 Ill. 2d 61, 77.) As a penalty provision, section 2—611 of the Code must be strictly construed and the decision whether to impose sanctions "is within the sound discretion of the trial judge and will not be reversed on appeal absent an abuse of discretion." (*Wernick*, 127 Ill. 2d at 77-78.) Furthermore, the party seeking to impose sanctions pursuant to section 2—611 of the Code has the burden of proving that its opponent made a frivolous motion. (*Wernick*, 127 Ill. 2d at 77.) Plaintiff contends that sanctions should be imposed pursuant to section 2—611 of the Code, because Mizyed-Yassin's May 13, 1987, motion to tender judgment seeks the same relief as its January 26, 1984, motion for direction and is, therefore, a frivolous motion.

The motion for direction and the motion to tender judgment are similar; however, the former sought to waive plaintiff's right to interest while the latter sought to limit the amount of interest plaintiff would receive. Accordingly, the motions did not request the same relief.

More importantly, during the January 31, 1984, hearing on the motion for direction, the circuit court orally refused Mizyed-Yassin's request to waive interest. How-

ever, the circuit court's February 4, 1984, written order did not incorporate its oral refusal to waive interest. It is well settled that a court's oral ruling is not effective unless memorialized in a written order. (*Ahn Brothers, Inc. v. Buttitta* (1986), 143 Ill. App. 3d 688, 690-91.) Consequently, the interest issue was never effectively resolved. In light of the foregoing, the motion to tender judgment was not frivolous. Therefore, sanctions are not warranted pursuant to section 2—611 of the Code. Moreover, we note that section 2—611 of the Code was preempted by new Supreme Court Rule 137 effective August 1, 1989 (see Official Reports Advance Sheet No. 13, June 28, 1989, R. 137, Committee Comments). Plaintiff's motion for sanctions was heard and determined by the trial court under the 1987 version of the Code. Since the constitutionality of section 2—611 of the Code was not raised on appeal, we need not address it and, therefore, express no opinion on the matter.

For the reasons stated above, the judgment of the appellate court is affirmed in part and reversed in part and the judgment of the circuit court is affirmed.

*Appellate court affirmed in part and reversed in part; circuit court affirmed.*

JUSTICE STAMOS took no part in the consideration or decision of this case.