2025 IL App (1st) 241600-U

THIRD DIVISION
May 28, 2025

No. 1-24-1600

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| RUBEN SANTOYO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 2024M5001735 |
| | ) | |
| ENGLE MARTIN & ASSOCIATES, LLC, | ) | Honorable |
| | ) | Nicole Castillo, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Affirming the dismissal of a negligence claim against an insurance adjuster where the complaint did not allege any duty or "bad faith" conduct by the adjuster.

¶ 2    After tenant Ruben Santoyo (Santoyo) was allegedly injured in a slip and fall incident on an icy sidewalk outside of his apartment building, the landlord notified its insurer. The insurer retained an independent claims adjuster, Engle Martin & Associates, LLC (Engle Martin), to assist in the investigation of Santoyo's claim. Santoyo subsequently filed a complaint in the circuit court of Cook County against Engle Martin for its purported negligence and "bad faith"

conduct in the handling of his claim. In this *pro se* appeal, Santoyo challenges the dismissal of his complaint with prejudice pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2022)). For the reasons discussed below, we affirm.

¶ 3                                  BACKGROUND

¶ 4                                *The Complaint*

¶ 5     On February 29, 2024, Santoyo filed a single-count negligence complaint against Engle Martin in the circuit court of Cook County. The complaint alleged, in pertinent part, as follows.

¶ 6      Santoyo rented an apartment in a multi-unit building located in the 3000 block of South Lock Street in Chicago. The property was owned by the Nancy P. Mancine Revocable Trust (the owner) and was managed by Michael Mancine (the manager).

¶ 7     Santoyo alleged that he slipped and fell on the property in late December 2022 due to icy conditions on the sidewalk; he informed the owner and/or the manager of the incident. The owner's insurer, Seneca Insurance Company (Seneca), was notified of Santoyo's claim. Seneca retained Engle Martin to investigate and assess the validity of the claim.

¶ 8     The complaint alleged that Engle Martin breached its duty by not performing a "proper and timely" investigation, by unreasonably delaying the processing of Santoyo's claim, and by failing to communicate with him regarding the status of his claim. The complaint further alleged that Engle Martin's conduct constituted "bad faith," as it was "intentional, malicious, and done with a reckless disregard" of Santoyo's rights and interests. Santoyo claimed he was damaged by Engle Martin's conduct, *e.g.*, financial losses, emotional distress, and reputational harm.

¶ 9     The sole exhibit attached to the complaint was a copy of an email exchange in January 2024 among Santoyo and representatives of Engle Martin and Seneca. In the email correspondence, Santoyo expressed concern regarding purported delays in the processing of his

claim. Engle Martin responded that Santoyo had failed to timely provide the required documentation to support his claim, including contact details for the medical professionals who had provided treatment. While Santoyo maintained that he had submitted the requested information, Seneca responded, in part, that Santoyo's medical records were neither received nor reviewed.

¶ 10                                  *Motion to Dismiss*

¶ 11      Engle Martin filed a motion to dismiss the complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2022)), contending that the complaint for negligence did not allege that Engle Martin owed a legal duty to Santoyo. Engle Martin further maintained that section 155 of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/155 (West 2022))— which allows recovery from an insurer for "vexatious and unreasonable" conduct—was "wholly inapplicable" where Santoyo was not insured under the Seneca policy. In his response to the motion, Santoyo asserted that Engle Martin "had a duty to conduct a timely and thorough investigation" of his claim. He also maintained that the complaint adequately alleged that Engle Martin's conduct was "not only negligent but also in bad faith."

¶ 12      Following arguments, the circuit court found that Engle Martin owed no legal duty to Santoyo, based on the lack of a contractual or other relationship which could create such a duty. The circuit court further found that Santoyo had failed to plead any facts supporting a statutory or common law cause of action for "bad faith." The circuit court entered an order granting Engle Martin's motion and dismissing the complaint with prejudice, and Santoyo subsequently filed this timely appeal.

¶ 13                                  ANALYSIS

¶ 14      Santoyo advances two primary arguments on appeal. He initially asserts that the

complaint adequately pled a claim for negligence against Engle Martin and thus the circuit court erred in granting the motion to dismiss with prejudice pursuant to section 2-615 of the Code. Santoyo further contends that his claim for damages pursuant to section 155 of the Insurance Code was improperly dismissed.

¶ 15     As a threshold matter, we observe that Santoyo's brief violates Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the form and content of appellate briefs. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Among other things, the statement of facts in his brief does not include references to the pages of the record on appeal, and his argument lacks consistent citations to applicable legal authorities. See Ill. S. Ct. R. 341(h)(6), (h)(7) (eff. Oct. 1, 2020). "A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authorities cited and a cohesive legal argument presented." *Garland v. Sybaris Club International, Inc.*, 2014 IL App (1st) 112615, ¶ 64.

¶ 16     We remind the parties that our supreme court rules are not suggestions but rather have the force of law and must be followed. *Mitchell v. Michael's Sports Lounge*, 2023 IL App (1st) 220011, ¶ 23. A party's *pro se* status does not exempt him from compliance. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. Although we may strike portions of a brief or dismiss an appeal due to noncompliance with the rules (*Ittersagen v. Advocate Health & Hospitals Corp.*, 2021 IL 126507, ¶ 37), the deficiencies of Santoyo's brief do not warrant such action. We therefore turn to the merits.

¶ 17                         *Dismissal Under Section 2-615*

¶ 18     The circuit court dismissed Santoyo's complaint with prejudice pursuant to section 2-615 of the Code. 735 ILCS 5/2-615 (West 2022). A motion to dismiss under section 2-615 challenges the legal sufficiency of the complaint based on defects apparent on its face. *Mercado*

*v. S&C Electric Co.*, 2025 IL 129526, ¶ 18. "A section 2-615 motion tests the legal sufficiency of the plaintiff's complaint, asking whether the allegations in the complaint, construed in the light most favorable to the plaintiff, state sufficient facts to establish a cause of action upon which relief may be granted." *Project44, Inc. v. FourKites, Inc.*, 2024 IL 129227, ¶ 18. Dismissal pursuant to section 2-615 is appropriate only where it is clearly apparent that no set of facts can be proven which would entitle the plaintiff to recovery. *Id.* We review a dismissal under section 2-615 *de novo*. *Id.* " '*De novo* review means that we perform the same analysis a trial court would perform.' " *Gibbons v. Kowal*, 2024 IL App (1st) 232124, ¶ 24 (quoting *Watson v. Legacy Healthcare Financial Services, LLC*, 2021 IL App (1st) 210279, ¶ 29).

¶ 19                                    *Negligence*

¶ 20      Santoyo challenges the dismissal of his claim for negligence. To recover damages based on a negligence theory, a plaintiff must plead and prove that: (a) the defendant owed a duty to the plaintiff; (b) the defendant breached that duty; and (c) the breach was the proximate cause of the plaintiff's injury. *Quiroz v. Chicago Transit Authority*, 2022 IL 127603, ¶ 12; *McDonald v. Northeast Illinois Regional Commuter R.R. Corp.*, 2013 IL App (1st) 102766-B, ¶ 21.

¶ 21      The dispute herein centers on the first element, *i.e.*, whether Engle Martin owed a duty to Santoyo. As observed by our supreme court, "[a] negligence claim requires proof of a duty owed by the defendant to the plaintiff, and the existence of a duty is a question of law for the court to decide." *Sperl v. Henry*, 2018 IL 123132, ¶ 36. Accord *Quiroz*, 2022 IL 127603, ¶¶ 12-13. "A court will find a duty where a plaintiff and a defendant stand in such a relationship to one another that the law imposes upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff." *Coleman v. Provena Hospitals*, 2018 IL App (2d) 170313, ¶ 17. Four factors guide the duty analysis in a negligence case: the reasonable foreseeability of the

injury; the likelihood of the injury; the magnitude of the burden of guarding against the injury; and the consequence of placing that burden on the defendant. *Quiroz*, 2022 IL 127603, ¶ 13; *Coleman*, 2018 IL App (2d) 170313, ¶ 17.

¶ 22 Engle Martin argues that the complaint did not allege any relationship which would create or establish a duty owed by Engle Martin to Santoyo. We agree. As Illinois is a fact-pleading jurisdiction, Santoyo was required to allege facts " 'sufficient to bring a claim within a legally recognized cause of action' " and " 'not simply conclusions.' " *Quiroz*, 2022 IL 127603, ¶ 12 (quoting *Doe v. Coe*, 2019 IL 123521, ¶ 32). The complaint, however, did not include facts supporting the existence of a duty owed by Engle Martin. Rather, the complaint merely alleged that Engle Martin "breached this duty," without indicating the nature or the source of any duty.

¶ 23 In his appellate brief, Santoyo contends that Engle Martin's "duty to conduct a timely and thorough investigation" of his claim "arose from the contractual obligations between the insurer and the insured, as well as the foreseeability of harm resulting from negligent investigation practices." Santoyo fails, however, to cite any authority for these propositions. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). See also *Board of Managers of Eleventh Street Loftominium Ass'n v. Wabash Loftominium, LLC*, 376 Ill. App. 3d 185, 188 (2007) (providing that appellate contentions not supported by legal reasoning and citation to authority are "waived on appeal"); *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 80 (noting that "[t]his court is not a depository in which the burden of argument and research may be dumped").

¶ 24 More significantly, we are unaware of any Illinois case which even remotely addresses the issue raised herein: whether an independent adjuster (Engle Martin) investigating a claim (the slip and fall) asserted against the insurer (Seneca) for the tortfeasor (the owner and/or the manager of the property) owes a duty to the injured third party (Santoyo). While Engle Martin

presumably owes contractual duties to Seneca—and the property owner may have owed legal duties to its tenant, Santoyo—it was neither foreseeable nor reasonable for Engle Martin to be liable for any injury purportedly sustained by Santoyo due to the claim investigation process. See *Quiroz*, 2022 IL 127603, ¶ 13. We therefore find that the dismissal of his claim for negligence against Engle Martin was proper. As no amendment could correct the deficiencies of his complaint, we further find that dismissal with prejudice was appropriate. *E.g.*, *Buffa v. Haideri*, 362 Ill. App. 3d 532, 540 (2005).

¶ 25    We note that, in his single-count complaint for negligence, Santoyo also alleged "bad faith" conduct by Engle Martin, discussed below. To the extent that the "bad faith" claim appears distinct from the negligence count, such claim should have been pleaded in a separate count. 735 ILCS 5/2-603 (West 2022) (providing "[e]ach separate cause of action upon which a separate recovery might be had shall be stated in a separate count," and each count "shall be separately pleaded, designated and numbered"). See also 735 ILCS 5/2-613 (West 2022).

¶ 26                          *Section 155 of the Insurance Code*

¶ 27    The complaint alleged that "Engle Martin's conduct constitutes bad faith, as it was intentional, malicious and done with a reckless disregard for [Santoyo's] rights and interests." On appeal, he presents this claim as a cause of action under section 155 of the Insurance Code. 215 ILCS 5/155 (West 2022). To the extent Santoyo previously may have suggested the existence of a "bad faith" action under common law, such claim has been forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (providing that points not argued in the appellate brief are forfeited).

¶ 28    Section 155 provides, in pertinent part, that "[i]n any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it

appears to the court that such action or delay is vexatious and unreasonable," the court may award certain attorney fees and other specified amounts. 215 ILCS 5/155 (West 2022). The statute was enacted "to provide a remedy to an insured who encounters unnecessary difficulties when an insurer withholds policy benefits." *Richardson v. Illinois Power Co.*, 217 Ill. App. 3d 708, 711 (1991).

¶ 29    Simply put, section 155 is inapplicable to this case. The statute provides an extracontractual remedy to an insured against an insurer. See *Nine Group II, LLC v. Liberty International Underwriters, Inc.*, 2020 IL App (1st) 190320, ¶ 39. As noted above, the insured is the property owner (not Santoyo), and the company with potential liability under the policy is Seneca (not Engle Martin). Our supreme court has expressly stated that "the remedy embodied in section 155 of the Insurance Code does not extend to third parties." *Yassin v. Certified Grocers of Illinois, Inc.*, 133 Ill. 2d 458, 466 (1990) (noting that section 155 extends only to the "party insured" and the "policy assignees"). See also *Premier Electrical Construction Co. v. American National Bank of Chicago*, 276 Ill. App. 3d 816, 833 (1995); *Stamps v. Caldwell*, 133 Ill. App. 2d 524, 528 (1971). Even assuming *arguendo* that Santoyo and Engle Martin were proper parties, section 155 sanctions are not otherwise available in this case. See *Moles v. Illinois Farmers Insurance Co.*, 2023 IL App (1st) 220853, ¶ 19 (observing that section 155 "does not create an independent tort for which an insurance company can be held liable" but instead presupposes an action on the policy); *Nine Group II*, 2020 IL App (1st) 190320, ¶ 44 (noting that section 155 sanctions are improper if a *bona fide* dispute exists as to coverage).

¶ 30                                CONCLUSION

¶ 31    For the reasons stated above, the allegations of the complaint, construed in the light most favorable to Santoyo, fail to state sufficient facts to establish a cause of action upon which relief

can be granted against Engle Martin. We therefore affirm the dismissal of the complaint with prejudice pursuant to section 2-615 of the Code.

¶ 32    Affirmed.