2023 IL App (1st) 211028-U
No. 1-21-1028
Order filed May 15, 2023

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 12486 |
| | ) | |
| SHERRI BOURDAGE, | ) | Honorable |
| | ) | James Linn, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Justices Pucinski and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held:* Reversed where the trial court erred by denying motion to dismiss because the indictment charged the violation of a facially unconstitutional term in a no-stalking-no-contact order.

¶ 2    Sherri Bourdage stood charged with violating a single term of a no-stalking-no-contact order. That term prohibited her from indirectly communicating about Joseph Peila to his employer. Bourdage moved to dismiss the indictment, citing *People v. Relerford*, 2017 IL 121094. There, the Supreme Court held that prohibiting certain communications "about" individuals to third parties

constituted a facially unconstitutional restraint on speech. *Id.* ¶ 63. The trial court denied Bourdage's motion to dismiss. We reverse based on *Relerford*.

¶ 3                                    Background

¶ 4     A grand jury indicted Sherri Bourdage for violating a single provision of a no-stalking-no-contact order by "indirectly communicat[ing] about Joseph Peila to his employer[.]" Bourdage moved to dismiss the indictment consistent with *Relerford*, 2017 IL 121094. In *Relerford*, the Supreme Court held that prohibiting an individual from communicating "about" someone to a third party creates an overbroad restriction on speech and is facially unconstitutional. *Id.* ¶ 63. After denying the motion, the trial court held a bench trial.

¶ 5     The State called Chicago Public School principal Joseph Peila and CPS receptionist Regina Patillo. Peila testified that he met Bourdage in 2010 when she toured the school where he served as principal. They had many contentious encounters over the years, and by 2016, the trial court issued a two-year no-stalking-no-contact order against Bourdage. An alleged violation of this order underlies the prosecution here.

¶ 6     Peila testified he received emails in 2018 stating someone had spoken about him to others: (i) a school-council member emailed to say a "Susan Rice" had called and given a phone number Peila traced to a store Bourdage owns and (ii) CPS' Chief Executive Office employees emailed that Bourdage had called to talk about Peila. CPS receptionist Patillo testified she received a call from Bourdage in 2018, in which Bourdage leveled various accusations against Peila.

¶ 7     Bourdage moved for a directed finding. She argued in part that *Relerford* made it unconstitutional to convict her based on communicating about Peila to others. The trial court denied the motion.

¶ 8    Bourdage moved to stay the proceedings given that she had filed 2-1401 motion reiterating arguments that the no-stalking-no-contact order constituted an unconstitutional restraint. The trial court denied Bourdage's stay motion, and the parties delivered closing arguments. (A different panel of this court dismissed an appeal from the order denying the 2-1401 motion, finding it moot. *Bourdage v. Peila*, 2022 IL App (1st) 210057-U, ¶ 15.)

¶ 9    The State argued that Bourdage violated the no-stalking-no-contact order by calling Peila's employer, and that her accusations were defamatory and a threat to Peila's safety. Bourdage repeated the argument that *Relerford* protected her comments.

¶ 10    The trial court found Bourdage guilty. Bourdage moved for a new trial, contending the trial court erred by refusing to dismiss the charge. After denying her posttrial motion, the trial court sentenced her to two years' probation.

¶ 11                                    Analysis

¶ 12    Bourdage cites *Relerford* and again argues that prohibiting her from "communicating to or about" Peila infringes on her right to free speech. She also argues the no-stalking-no-contact order was void. Finally, she does not develop this argument but lists the first issue before this court as "[w]hether the trial court erred in denying Defendant/Appellant's Motion to Dismiss based on unconstitutional prior restraint on free speech."

¶ 13    The State does not analyze whether the trial court erred on its ruling on the motion to dismiss. Instead, it argues that this appeal is procedurally defective because Bourdage attacks a civil order rather than the criminal proceedings resulting from its violation. The State argues we should affirm because Bourdage interfered with Peila's property interest in his continued employment as principal.

¶ 14    Although the parties mostly speak past one another, they recognize this appeal turns on voidness. We have an independent duty to redress void convictions, rulings, and laws. *In re N.G.*, 2018 IL 121939, ¶¶ 40-42, 50-52. Our review of the record, the parties' briefs, and caselaw demonstrate that the trial court erred because the indicted crime included a void element and thus charged no offense.

¶ 15    Generally, we consider ruling on a motion to dismiss under an abuse-of-discretion standard. *People v. Stapinski*, 2015 IL 118278, ¶ 35. But when the appeal presents a purely legal question, we review *de novo*. *Stapinski*, 2015 IL 118278, ¶ 35. This appeal hinges on a purely legal issue—whether the charged offense contained a facially unconstitutional element. If so, then it failed to state an offense.

¶ 16    A trial court may dismiss an indictment that does not state an offense. 725 ILCS 5/114-1(a)(8). Bourdage was charged with violating a no-stalking-no-contact order. *See* 740 ILCS 21/125 (prohibiting "knowing violation of a stalking no contact order"). This offense incorporates a trial court order as an element of the offense. *See People v. Davit,* 366 Ill. App. 3d 522, 527 (2006) (analyzing elements of similar offense, violating order of protection); 720 ILCS 5/12-3.4(a)(1) ("Violation of an order of protection").

¶ 17    The State charged Bourdage with violating a single provision in the order—"indirectly communicat[ing] about Joseph Peila to his employer[.]" Accordingly, the prosecution hinged on whether Bourdage violated a valid no-stalking-no-contact order by speaking about Peila to others.

¶ 18    Our supreme court found identical statutory language—prohibiting "communicat[ion] to or about"—to be facially unconstitutional. *Relerford*, 2017 IL 121094, ¶ 63. In *Relerford,* the defendant was convicted under a section of the criminal stalking statute that prohibited him from

"communicat[ing] to or about a person[.]" *Id.* ¶¶ 3, 63. He argued the language was overbroad and violated the first amendment. *Id.* ¶¶ 24-25. The supreme court agreed. *Id.* ¶ 63 (holding, facially unconstitutional portion of stalking statute criminalizing negligent "communicat[ion] to or about" a person where speaker knows or should know communication would cause reasonable person to suffer emotional distress).

¶ 19     The criminal stalking statute addressed in *Relerford*, 720 ILCS 5/12-7.3, and the Stalking No Contact Order Act here, 740 ILCS 21/10, identically defined course of conduct to include communicating to or about a person. *Compare* 720 ILCS 5/12-7.3(a), (c)(1) *with* 740 ILCS 21/10 (West 2018). Facially unconstitutional laws are void laws. *N.G.*, 2018 IL 121939, ¶¶ 36-37. And alleged violations of facially unconstitutional statutes have no legal effect. *Id.* Thus, by incorporating this language, the indictment stated no offense. Indeed, in recognition of the constitutional issues identified in *Relerford,* the Illinois General Assembly amended the Stalking No Contact Order Act by removing the language "communicates to or about." See 740 ILCS 21/10, as amended by Pub. Act 100-1000, § 5 (eff. Jan. 1, 2019).

¶ 20     The State casts this language—"indirectly communicat[ing] about Joseph Peila to his employer"—as more narrow, thus valid when compared to a term in an order we vacated in *Flood v. Wilk*, 2019 IL App (1st) 172792. The State's argument underscores the limits of analogical reasoning. In *Flood*, we vacated as overbroad a term in a civil order preventing appellant from "communicating, publishing or communicating in any form any writing naming or regarding [petitioner], his family or any employee, staff or member of the congregation of [petitioner's church]." *Flood*, 2019 IL App (1st) 172792, ¶¶ 1, 35. The existence of an overbroad term in *Flood* offers no basis for affirming a prosecution for violating an overbroad term here.

¶ 21　The State argues we should uphold Bourdage's conviction on other grounds, contending that Bourdage interfered with Peila's property interest in continued employment. Assuming this contention has legal merit, courts may only enforce charges that appear in the indictment. *People v. Benitez*, 169 Ill. 2d 245, 254 (1996). Due process requires that, once the grand jury has returned an indictment, the charge may not be broadened without re-presenting it to the grand jury. *Benitez*, 169 Ill. 2d at 254. Due process also requires that individuals have notice of the crimes with which they are charged. *Id.* at 255.

¶ 22　Here, a grand jury indicted Bourdage for violating a specific provision in the no-stalking-no-contact order by indirectly communicating about Peila to his employer. Under *Benitez*, the State may not prosecute Bourdage with violating a no-stalking-no-contact order for any other reason without first returning to the grand jury. We reject the State's attempt to expand this offense unilaterally. *See also People v. Sparks*, 221 Ill. App. 3d 546, 549 (1991) (affirming dismissal of indictment that failed to state offense).

¶ 23　We reach this conclusion although Bourdage's appellant brief is rife with problems, including rudimentary violations of Illinois Supreme Court Rule 341. Bourdage failed to state the name of the case as it appeared in the trial court, include a concise statement of the applicable standard of review for each issue, and include citations to rules or judgments in her jurisdictional statement. Ill. Sup. Ct. R. 341(d), (h)(3), (h)(4). Most egregiously, Bourdage flagged four issues for review but failed to argue three. Ill. Sup. Ct. R. 341(h)(3), (h)(7). But, the State did not attack these deficiencies.

¶ 24　Reversed.