2024 IL App (1st) 240111-U

No. 1-24-0111

Order filed December 17, 2024

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| GEVORK CHUBARYAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 OP 73370 |
| | ) | |
| SHERRI BOURDAGE, | ) | Honorable |
| | ) | Hilda Bahena, |
| Respondent-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices Howse and Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appeal of the denial of respondent's motion to reconsider the entry of a plenary stalking no contact order against her is dismissed as moot as the plenary stalking no contact order has expired and no exceptions to the mootness doctrine apply. The appeal of the denial of respondent's motion to reconsider the denial of respondent's motion to sanction petitioner's attorney is affirmed where respondent has not presented a sufficient record for our review of her claims.

¶ 2    Respondent Sherri Bourdage appeals *pro se* from the trial court's order denying her motion

to reconsider a plenary stalking no contact order prohibiting her from contacting petitioner Gevork

Chubaryan and denial of her motion to sanction Chubaryan's attorney. On appeal, Bourdage argues that the trial court erred in denying her motion to reconsider because no stalking "course of conduct" was proven, her conduct was protected under the first amendment to the United States Constitution, and Chubaryan's attorney violated Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) by filing "inappropriate" petitions and motions containing "unsubstantiated allegations." We affirm.

¶ 3    The record shows the parties lived in the same condominium building. On May 4, 2022, Chubaryan filed a petition for a plenary stalking no contact order against Bourdage, alleging that in May 2021 Bourdage contacted Chubaryan's employer, stated that Chubaryan was a Russian "hit man," and attempted to have him fired. Chubaryan further alleged that in August 2021 Bourdage left inappropriate notes taped to the outside of his residence and mailbox. In December 2021, Bourdage allegedly spread misinformation and threats regarding Chubaryan, and in January 2022, she verbally harassed him and made false claims about his child. Lastly, Chubaryan alleged that on May 4, 2022, Bourdage harassed him regarding his home security system and threatened his wife and child.

¶ 4    The trial court entered an emergency stalking no contact order against Bourdage on May 5, 2022. The order stated that Bourdage was not permitted to "enter or remain at [Chubaryan's] residence" or have "unlawful contact in the common areas."

¶ 5    On January 10, 2023, the court granted the parties leave to amend the filings. During proceedings on that day, Bourdage handed the court a motion seeking, in relevant part, leave to file sanctions against Churbaryan's attorney. She informed the court that she attempted to file the

motion the prior day. The record on appeal contains the notice of motion but not the motion itself. The court granted Chubaryan's counsel two weeks to file a response to the motion.

¶ 6     Both parties subsequently filed motions and cross-petitions seeking protective orders against one another. In particular, on January 24, 2023, Bourdage filed a motion seeking, in relevant part, leave to file a motion for sanctions against Chubaryan's attorney. In the motion, Bourdage alleged that Chubaryan's attorney improperly filed a petition for an emergency stalking no contact order "only to intimidate and further harass" Bourdage and the attorney attempted to mislead the court by raising "false evidence."

¶ 7     On May 9, 2023, Bourdage filed an amended motion seeking, in relevant part, leave to file a motion for sanctions against Chubaryan's attorney. Bourdage argued that Chubaryan's attorney committed multiple violations of the Rules of Evidence, "Federal Rules of Procedure," and "Federal Rules of Disclosure." She also contended that Chubaryan's attorney filed multiple improper pleadings, did not properly serve Bourdage, and had a conflict of interest due to her representation of the petitioner in another case involving Bourdage.

¶ 8     On August 21, 2023, the court struck Bourdage's January 9, 2023, motion for sanctions, and denied her May 9, 2023, amended motion "after [a] hearing." No report of these proceedings is included in the record on appeal.

¶ 9     On September 13, 2023, after a three-day hearing, the court entered a one-year plenary stalking no contact order against Bourdage. The order provided that Bourdage have no contact with Chubaryan "by any means." Additionally, while in common areas, the parties "must have no unlawful contact, no communication, and remain 10 feet away from each other." Finally, Bourdage was prohibited from knowingly coming within a certain number of feet from Chubaryan's

residence, child's day care, and place of employment. The court also denied Bourdage's petition for a stalking no contact order against Chubaryan. The order stated it "will be in effect until" September 13, 2024, at 4:30 p.m. No reports of these proceedings are included in the record on appeal.

¶ 10    On October 10, 2023, Bourdage filed a *pro se* motion for reconsideration and other relief. She argued that her actions did not constitute a course of conduct to establish stalking because the incidents were exercises of her right to free speech, were not directed at Chubaryan, and were inaccurately presented to the court. She further contended the court erred in denying her motion for sanctions because Chubaryan's original petition violated Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018), because it was "rife with ad hominem attacks" to "taint" the proceedings and cause Bourdage emotional distress. Bourdage also contended that Chubaryan's attorney filed "[i]nappropriate" motions.

¶ 11    On December 22, 2023, after a hearing, the court denied Bourdage's motion. The court also modified the September 13, 2023, plenary stalking no contact order to correct scrivener's errors. The court commented that it heard "extensive testimony" from witnesses and reviewed exhibits presented by both parties during the three-day hearing on the petition for a plenary stalking no contact order. The court noted that it made credibility determinations in ruling on the petition, and considered the nature, frequency, severity, pattern and consequences of Bourdage's alleged conduct. It found Chubaryan credible, and there were multiple acts of stalking by Bourdage. The court highlighted two acts demonstrating a course of conduct for purposes of stalking, specifically Bourdage's threat "to call" Chubaryan's employer unless Chubaryan was nice to her and her "post[ing] a public note" disparaging Chubaryan.

¶ 12    On appeal, Bourdage first contends the trial court erred in denying her motion to reconsider entry of the plenary stalking no contact order because the evidence did not establish a "course of conduct" of stalking and her speech was protected under the first amendment to the United States Constitution. Bourdage argues that the plenary order's prohibiting her from "communication" with Chubaryan was an unconstitutionally broad prior restraint on her speech. While Bourdage argues the evidence supporting the entry of the plenary stalking no contact order was based on hearsay and inaccurate, she only challenges the constitutionality of the plenary order.

¶ 13    First, we note that our supreme court has found that the portion of the criminal stalking statute that made it unlawful to negligently "communicate[ ] to or about a person, where the speaker knows or should know that the communication would cause a reasonable person to suffer emotional distress, is facially unconstitutional." *People v. Relerford*, 2017 IL 121094, ¶ 63. We also invalidated similar language in a civil no-contact order in *Flood v. Wilk*, 2019 IL App (1st) 172792, ¶ 12.

¶ 14    As an initial matter, we consider our own jurisdiction over this appeal.

¶ 15    The existence of an actual controversy is required for appellate jurisdiction, and reviewing courts generally do not decide moot questions. *In re Lance H.*, 2014 IL 114889, ¶ 12. "An appeal is moot when the issues involved in the trial court no longer exist because intervening events have made it impossible for the reviewing court to grant the complaining party effectual relief." *In re Benny M.*, 2017 IL 120133, ¶ 17. The court may address this issue even if neither party raises it. *Tirio v. Dalton*, 2019 IL App (2d) 181019, ¶ 21.

¶ 16    Bourdage's challenge to the September 13, 2023, plenary order is moot because the order expired on September 13, 2024. Although Bourdage references the trial court's "December 23,

2023, Civil Stalking/No Contact Order" in her brief on appeal, our review of the record on appeal does not show that such an order exists. Bourdage further does not claim in her brief on appeal that she is suffering any present harm due to the expired order. Nor does she claim that any subsequent stalking no-contact order has been entered against her. Thus, we can find no actionable controversy for us to redress.

¶ 17     It is also unlikely that the challenged language would appear in another order, because the General Assembly has amended the civil stalking statute to remove the language "communicates to or about" a person from the definition of stalking. See Pub. Act. 100-1000, § 5 (eff. Jan. 1, 2019) (amending 740 ILCS 21/10); *Bourdage v. Peila*, 2022 IL App (1st) 210057-U, ¶ 16.[1] Therefore, a trial judge would have no statutory authority to include this language in future orders. Accordingly, as this is the only issue regarding the stalking no-contact order which Bourdage challenges on appeal, we can find no actionable controversy for us to redress. See *Id*. at ¶ 17.

¶ 18     There are three recognized exceptions to the mootness doctrine: (1) the public-interest exception, (2) the capable-of-repetition exception, and (3) the collateral-consequences exception. *Tirio v. Dalton*, 2019 IL App (2d) 181019, ¶ 22. However, no exception applies here.

¶ 19     Under the public-interest exception to the mootness doctrine, a review court may review a moot question "when the magnitude or immediacy of the interests involved warrants action by the court." *Commonwealth Edison Company v. Illinois Commerce Commission¸*2016 IL 118129, ¶ 12. This exception applies when "(1) the question presented is of a public nature; (2) an authoritative determination of the question is desirable for the future guidance of public officers; and (3) the

---

[1] *Bourdage v. Peila*, 2022 IL App (1st) 210057-U, is cited as persuasive authority throughout this order pursuant to Illinois Supreme Court Rule 23(e)(1) (eff. Feb. 1, 2021) (unpublished orders entered on or after January 1, 2021, may be cited for persuasive purposes).

question is likely to recur." *Id*. As noted, the question is not likely to recur, and there is no reason to guide future courts regarding the constitutionality of language which has been removed from the statute. See *Bourdage*, 2022 IL App (1st) 210057-U, ¶ 19.

¶ 20    The capable-of-repetition exception requires that "(1) the challenged action be of a duration too short to be fully litigated prior to its cessation, and (2) that there be a reasonable expectation that the same complaining party would be subjected to the same action again." (Internal quotation marks omitted.) *In re Carolyn J.S.*, 2024 IL App (3d) 220250, ¶ 20. As noted, because the legislature eliminated the challenged language from the civil stalking statute, this matter is unlikely to recur. See *Bourdage*, 2022 IL App (1st) 210057-U, ¶ 18.

¶ 21    Lastly, under the collateral-consequences exception, a court may review an expired order because "a plaintiff has suffered or [is] threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." (Internal quotation marks omitted.) *In re Alfred H.H.*, 233 Ill. 2d 345, 361 (2009). Here, the plenary stalking no-contact order prohibits the parties from coming within 10 feet of one another and Bourdage from coming within a certain number of feet of Chubaryan's residence, child's day care, and place of employment. Again, although Bourdage mentions purported deficiencies in the evidence presented at the hearing, the only issue raised on appeal concerns the constitutionality of the language of the order regarding Bourdage's communication with Chubaryan. If we were to rule in Bourdage's favor regarding this issue, the other provisions of the order would be unaffected. See *Bourdage*, 2022 IL App (1st) 210057-U, ¶¶ 20-21.

¶ 22    Accordingly, because the issue regarding the constitutionality of the stalking no-contact order is moot and we find no exceptions to the mootness doctrine applicable, we dismiss the issue.

¶ 23     Bourdage further contends that the court improperly denied her motion for sanctions against Chubaryan's attorney where the attorney violated Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) by filing motions containing "ad hominem attacks" and lies regarding Bourdage and represented another client who filed a stalking no contact petition against her. We find the record insufficient to review this issue.

¶ 24     Under Supreme Court Rule 137, a court may impose sanctions against a party or counsel "for filing a motion or pleading that is not well grounded in fact; that is not supported by existing law *** or that is interposed for any improper purpose" such as harassing the opposing party. *McCarthy v. Taylor*, 2019 IL 123622, ¶ 19. "The party seeking to impose sanctions under Rule 137 bears the burden of establishing a violation of the rule." *Gershak v. Feign*, 317 Ill. App. 3d 14, 22 (2000) (citing *Yassin v. Certified Grocers of Illinois, Inc.*, 133 Ill. 2d 458, 467 (1990)). Denial of relief can be proper where the absence of a Rule 137 violation is apparent from the pleadings, trial evidence, or other matters in the record. *Id*. A trial court's decision to deny a motion for sanctions under Supreme Court Rule 137 is reviewed for abuse of discretion. *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 16.

¶ 25     Bourdage's contentions that Chubaryan's attorney violated Rule 137 and should have been sanctioned are conclusory and lack specificity regarding the purported Rule 137 violations. See *Gershak*, 317 Ill. App. 3d at 23 (because the purpose of Rule 137 is to punish those who file "groundless lawsuits," a petition under the Rule "must be specific enough to enable the responding party to respond to the allegations and enable the court to make a determination on the merits").

¶ 26     Further, even were we to consider the contentions, the record is insufficient for our review of the issue. The court held a hearing on August 21, 2023, after which it denied Bourdage's motion

for sanctions against Chubaryan's attorney. The record on appeal contains neither reports of this proceeding nor an acceptable substitute such as a bystander's report or an agreed statement of the facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). It also lacks proceedings regarding other, substantive hearings during the litigation, including the three-day hearing on the plenary stalking no-contact petition. Consequently, we cannot determine what evidence and argument the court heard in deciding the question of sanctions, let alone whether support exists for Bourdage's claim that Chubaryan's attorney's filings were not well grounded in fact and warranted by existing law, or were for the purpose of harassing Bourdage.

¶ 27    Bourdage, as the appellant, has the burden to provide a sufficiently complete record to support a claim of error. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001); see Ill. S. Ct. R. 321 (eff. Oct. 1, 2021); Ill. S. Ct. R. 323 (eff. July 1, 2017). Absent such a record, we must presume the trial court acted in conformity with the law and with a sufficient factual basis for its findings. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts which may arise from the incompleteness of the record will, therefore, be resolved against the appellant. *Id*. at 392.

¶ 28    Due to the inadequate record here, we must presume that the trial court acted in conformity with the law and with a sufficient factual basis for its findings when it denied Bourdage's motion to sanction Chubaryan's attorney and, subsequently, denied Bourdage's motion to reconsider that order. See *Foutch*, 99 Ill. 2d at 391-92.

¶ 29    Accordingly, for the reasons stated above, we dismiss Bourdage's claim regarding the constitutionality of the plenary stalking no-contact order as moot. We affirm the denial of Bourdage's motion to sanction Chubaryan's attorney and the denial of the motion to reconsider the issue.

¶ 30    Affirmed in part; appeal dismissed in part.