# Illinois Official Reports

## Appellate Court

---

*In re Linda B.*, 2015 IL App (1st) 132134

---

| | |
|---|---|
| Appellate Court Caption | *In re* LINDA B., a Person Found Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. Linda B., Respondent-Appellant). |
| District & No. | First District, Third Division<br>Docket No. 1-13-2134 |
| Filed<br>Rehearing denied | February 18, 2015<br>April 29, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Although respondent's appeal from the order for her involuntary admission to a mental health facility for treatment was moot due to the fact that the 90-day period of hospitalization had expired, the public-interest exception to the mootness doctrine applied, and respondent's contention that the admission order should be reversed because it was untimely filed was rejected by the appellate court and the trial court's order finding respondent to be a person subject to involuntary admission was affirmed, notwithstanding respondent's contention that the petition was untimely filed in violation of section 3-611 of the Mental Health Code, since the court rejected respondent's claims that she was in a "mental health facility" as defined by the Mental Health Code and that she was treated as a psychiatric patient, even though she was on a medical floor of the hospital. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2013-COMH-1381; the Hon. David Skryd, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Legal Advocacy Service, of Hines (Laurel Spahn, of counsel), for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Assistant State's Attorney, of counsel), for the People.

Panel

PRESIDING JUSTICE PUCINSKI delivered the judgment of the court, with opinion.
Justices Lavin and Mason concurred in the judgment and opinion.

**OPINION**

¶ 1    Respondent Linda B. appeals from an order of the circuit court of Cook County finding her to be a person subject to involuntary admission on an inpatient basis. Respondent contends that the circuit court's order should be reversed because the petition to involuntarily admit her was untimely filed in violation of section 3-611 of the Mental Health and Developmental Disabilities Code (Mental Health Code) (405 ILCS 5/3-611 (West 2012)). Respondent acknowledges that the issue is moot, but contends this appeal falls within the public-interest and capable-of-repetition-yet-avoiding-review exceptions to the mootness doctrine.

¶ 2                                    BACKGROUND

¶ 3    The undisputed facts in the record before us show that on May 9, 2013, Connie Shay-Hadley, the mental health facility director at Mount Sinai Hospital, filed a petition alleging that respondent was a person subject to involuntary admission to a treatment facility. The petition sought emergency inpatient admission by certificate (405 ILCS 5/3-600 (West 2010)) and indicated that respondent was admitted to the "Mental Health Facility/Psychiatric Unit" on April 22, 2013, at 1958 hours. The supporting certificates submitted by Dr. Medela Gartel, who examined respondent on May 9, 2013, at 11 a.m., and Colleen Kurtz, the licensed clinical social worker who examined respondent on May 9, 2013, at 12 p.m., opined that respondent was mentally ill, unable to care for herself, and refusing both medical and psychiatric treatment.

¶ 4    Meanwhile, on May 14, 2013, the circuit court granted the petition of Dr. Gartel for the involuntary administration of psychotropic medication to respondent for a period of 90 days.

¶ 5    Subsequently, at the June 11, 2013, hearing on the involuntary admission petition, Dr. Elizabeth Mirkin, a board-certified psychiatrist, testified that respondent was admitted to the "medical floor" of Mount Sinai Hospital on April 22, 2013, because she was experiencing tachycardia, or a rapid heartbeat, and found to be severely anemic. Dr. Mirkin explained that respondent was monitored by a psychiatrist and a sitter, who provided one-to-one supervision, throughout her stay on the medical floor in light of her prior admission to the psychiatric unit of Mount Sinai Hospital in January and her failure to take her medications.

Dr. Mirkin stated that respondent was much calmer on June 10, 2013, when she last saw her, than on May 25, 2013, when she first saw respondent during her consultation rounds on the medical floor. Dr. Mirkin added that respondent had been diagnosed with schizophrenia more than 10 years ago and that she was admitted to the "psychiatric unit" of Mount Sinai Hospital earlier in January. Dr. Mirkin testified that she believed with a reasonable degree of psychiatric certainty that respondent, due to her mental illness, was unable to provide for her physical needs so as to require treatment on an inpatient basis. Dr. Mirkin explained that respondent was delusional, easily upset, and aggressive, and she had a history of noncompliance in taking medications, particularly whenever she was discharged from the hospital. Dr. Mirkin believed that respondent would benefit from inpatient treatment at Park Shore Nursing Home because she must take medications on a regular basis.

¶ 6    On cross-examination, Dr. Mirkin testified that respondent required constant supervision by a sitter because she wandered the hall and went to the pediatric unit to see babies. On redirect examination, Dr. Mirkin testified that respondent has been taking better care of herself because of her hospitalization and recent compliance in taking her medications.

¶ 7    After the State rested, respondent's counsel moved to dismiss the petition for involuntary admission "based upon the petition having been filed well beyond the 24 hours after [respondent's] admission." Counsel argued that the petition was untimely filed where respondent was admitted to the medical floor of Mount Sinai Hospital on April 22, 2013, but was being treated psychiatrically. Over counsel's objection, the circuit court granted the State's request to reopen its case to present the testimony of Dr. Mirkin, who responded that she and her medical team do not submit petitions for patients admitted to the medical floor "unless we think the patient needs to go to court because the patient is noncompliant with treatment." The circuit court denied respondent's motion to dismiss the petition for involuntary admission, and following a brief recess, respondent rested without testifying.

¶ 8    After closing arguments, the circuit court granted the petition for involuntary admission of respondent and entered a written order, finding respondent subject to involuntary admission on an inpatient basis because she is a person with mental illness and who, because of that mental illness, is unable to provide for her basic physical needs and refusing both medical and psychiatric treatment. The written order also provided that respondent be treated at Park Shore Nursing Home, based on Dr. Mirkin's recommendation, for a period of hospitalization not to exceed 90 days.

¶ 9                                    ANALYSIS

¶ 10    In this court, respondent contends that the circuit court's involuntary admission order should be reversed because the petition was untimely filed. Respondent further contends that although the circuit court's involuntary admission order has expired and the matter is undisputedly moot, this appeal falls within two recognized exceptions to the mootness doctrine.

¶ 11    Because the 90-day period of hospitalization that respondent appeals from has expired, we must consider the threshold issue of whether the mootness doctrine precludes our review of the merits of her appeal. *In re Andrew B.*, 386 Ill. App. 3d 337, 339 (2008). "A case on appeal is rendered moot where the issues that were presented in the trial court do not exist any longer because intervening events have rendered it impossible for the reviewing court to grant the complaining party effectual relief." *In re India B.*, 202 Ill. 2d 522, 542 (2002).

Because the existence of an actual controversy is essential to the exercise of appellate jurisdiction, reviewing courts will generally not decide questions that are abstract, hypothetical, or moot. *In re James W.*, 2014 IL 114483, ¶ 18. However, our supreme court has recognized the following exceptions to the mootness doctrine: (1) the public interest exception; (2) the capable-of-repetition-yet-avoiding-review exception; and (3) the collateral consequences exception. *In re Laura H.*, 404 Ill. App. 3d 286, 289 (2010). Whether an appeal should be dismissed as moot presents a question of law, which we review *de novo*. *In re James W.*, 2014 IL 114483, ¶ 18.

¶ 12     The public interest exception permits review of an otherwise moot appeal when: (1) the issue is of a public nature; (2) an authoritative determination is required for the future guidance of public officers; and (3) there is a likelihood of future recurrences. *In re Andrew B.*, 237 Ill. 2d 340, 347 (2010). The exception must be construed narrowly and established by a clear showing of each aforementioned criterion. *In re Andrew B.*, 237 Ill. 2d at 347.

¶ 13     Here, respondent challenges the validity of a petition seeking her involuntary admission filed more than 24 hours after her admission to the medical floor of Mount Sinai Hospital on April 22, 2013, based on her contention that she was being treated psychiatrically. This issue presents a question of public nature and substantial public concern because it involves a dispute over the procedural requirements for involuntary admission of individuals on an inpatient basis. *In re Lance H.*, 2014 IL 114899, ¶ 14. Additionally, an authoritative determination of this issue will contribute to the efficient operation of our judicial system. *In re Robin C.*, 395 Ill. App. 3d 958, 963 (2009); see also *In re Lance H.*, 2014 IL 114899, ¶ 14 (a determination of the issue "would aid the courts and future litigants in administering the Mental Health Code"). Moreover, respondent's own history shows how this issue might recur as she has been found subject to involuntary admission at least once before this adjudication. *In re Lance H.*, 2014 IL 114899, ¶ 14. Under these circumstances, we conclude that the public interest exception to the mootness doctrine applies to this case, and we thus need not address the capable-of-repetition exception. *In re Laura H.*, 404 Ill. App. 3d at 290.

¶ 14     On the merits, respondent contends that we should reverse the involuntary admission order because the petition was untimely filed in violation of section 3-611 of the Mental Health Code (405 ILCS 5/3-611 (West 2012)).

¶ 15     A brief outline of the applicable statutory framework is necessary for an understanding of the procedural framework giving rise to this appeal. *In re Andrew B.*, 237 Ill. 2d at 348. Section 3-600 of the Mental Health Code authorizes involuntary admission of an individual 18 years of age or more, in need of immediate hospitalization. 405 ILCS 5/3-600 (West 2006); see also *In re Andrew B.*, 237 Ill. 2d at 348. Under such circumstances, "a petition may be filed with a mental-health facility." *In re Andrew B.*, 237 Ill. 2d at 348 (citing 405 ILCS 5/3-601(a) (West 2006)).

¶ 16     Generally, the petition must include a detailed explanation of why the individual is subject to involuntary admission and, specifically, signs and symptoms of a mental illness and any other behavior supporting the allegation. *In re Andrew B.*, 237 Ill. 2d at 348-49 (citing 405 ILCS 5/3-601(b)(1) (West 2006)). The petition must also be supported by a certificate of a physician or qualified examiner, stating that the individual is subject to involuntary admission and requires immediate hospitalization. *In re Andrew B.*, 237 Ill. 2d at 349 (citing 405 ILCS 5/3-602 (West 2006)). Further, the certifying professional's statement

must be based on a physical examination of the individual within 72 hours of admission. *In re Andrew B.*, 237 Ill. 2d at 349 (citing 405 ILCS 5/3-602 (West 2006)).

¶ 17    As relevant here, section 3-611 of the Mental Health Code requires that the *mental health facility director* file in the trial court the petition and two supporting certificates within 24 hours following the individual's *admission to the facility*. *In re Andrew B.*, 237 Ill. 2d at 349 (citing 405 ILCS 5/3-611 (West 2006)). A final order for involuntary admission is limited to 90 days, absent a determination by the trial court that the individual is subject to continued involuntary admission. *In re Andrew B.*, 237 Ill. 2d at 349 (citing 405 ILCS 5/3-813 (West 2006)).

¶ 18    Section 3-611 provides in pertinent part:

> "§ 3-611. *Within 24 hours*, excluding Saturdays, Sundays and holidays, *after the respondent's admission under this Article*, the facility director of the facility shall file 2 copies of the petition, the first certificate, and proof of service of the petition and statement of rights upon the respondent with the court in the county in which the facility is located." (Emphases added.) 405 ILCS 5/3-611 (West 2012).

The 24-hour filing requirement of section 3-611 "is triggered by an individual's *admission* under article VI, providing for emergency involuntary admission by certificate." (Emphasis in original.) *In re Andrew B.*, 237 Ill. 2d at 349.

¶ 19    Respondent argues, for purposes of section 3-611, that the underlying admission petition was late and, thus, defective because "the petition was not filed within 24 hours of [her] admission on April 22." However, respondent's construction of the term "admission" as meaning only physical entry into a facility is inconsistent with the use of the term in other provisions of the Mental Health Code, which allow a patient physically inside a mental health facility to be subjected to another "admission" when circumstances warrant further treatment or care. *In re Andrew B.*, 237 Ill. 2d at 350 (citing 405 ILCS 5/3-813, 3-801 (West 2006)). A reasonable construction of these other provisions is that the Mental Health Code utilizes the term " 'admission' in a legal sense to describe the individual's legal status," and, accordingly, "section 3-611's reference to 'admission' is not always limited to the individual's original physical entry" into a mental health facility. *In re Andrew B.*, 237 Ill. 2d at 350.

¶ 20    Respondent maintains that she was in a "mental health facility" as defined by the Mental Health Code because she received mental health treatment "beginning April 22 and continuing throughout her hospital stay," and in her reply brief, she submits that she was "treated as a psychiatric patient, but on a medical floor."

¶ 21    The Mental Health Code defines "mental health facility" as:

> "any licensed private hospital, institution, or facility or section thereof, and any facility, or section thereof, operated by the State or a political subdivision thereof for the treatment of persons with mental illness and includes all hospitals, institutions, clinics, evaluation facilities, and mental health centers which provide treatment for such persons." 405 ILCS 5/1-114 (West 2012).

¶ 22    Correspondingly, the Mental Health Code defines "licensed private hospital" as "any privately owned home, hospital, or institution, or any section thereof which is licensed by the Department of Public Health and which provides treatment for persons with mental illness." 405 ILCS 5/1-113 (West 2012).

¶ 23    Assuming, *arguendo*, that respondent was in a mental health facility as defined by the Mental Health Code, we nonetheless observe that "section 3-611's 24-hour filing requirement is triggered by an individual's *admission* under article VI, providing for emergency involuntary admission by certificate." (Emphasis in original.) *In re Andrew B.*, 237 Ill. 2d at 349. Respondent here was not admitted in a legal sense pursuant to article VI when she first entered the medical floor of Mount Sinai Hospital on April 22, 2013; Dr. Mirkin testified that respondent was admitted to the medical floor because she was experiencing tachycardia and found to be severely anemic. Furthermore, the plain language of the statutory definitions of "mental health facility" and "licensed private hospital" recognizes that there may be sections within a licensed private hospital dedicated to treatment of mentally ill patients. *In re Moore*, 301 Ill. App. 3d 759, 766 (1998). "Those sections or units, and not the entire hospital, are mental health facilities for purposes of the involuntary admission provisions of the [Mental Health] Code." *In re Moore*, 301 Ill. App. 3d at 766. This is consistent with Dr. Mirkin's explanation that respondent was monitored by a psychiatrist and a sitter throughout her stay on the medical floor, considering her prior admission to the "psychiatric unit" of Mount Sinai Hospital in January of the same year and her failure to take her medications. Because respondent was not admitted under article VI of the Mental Health Code (405 ILCS 5/3-600 *et seq.* (West 2010)) on April 22, 2013, the 24-hour filing requirement of section 3-611 is inapplicable. *In re Andrew B.*, 237 Ill. 2d at 349-50. We thus conclude that the May 9, 2013, petition seeking respondent's emergency inpatient admission by certificate was timely as it was filed within 24 hours after it was presented to Connie Shay-Hadley, the mental health facility director at Mount Sinai Hospital. *In re Andrew B.*, 237 Ill. 2d at 351.

¶ 24    Accordingly, we affirm the order of the circuit court of Cook County finding respondent to be a person subject to involuntary admission on an inpatient basis.

¶ 25    Affirmed.