2024 IL App (3d) 220249

Opinion filed April 5, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| *In re* CAROLYN J.S., a Person Found Subject to Involuntary Medication, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| (The People of the State of Illinois, | ) ) | |
| | ) | Appeal No. 3-22-0249 |
| Petitioner-Appellee, | ) | Circuit No. 22-MH-157 |
| | ) | |
| v. | ) ) | Honorable Craig R. Belford, |
| Carolyn J.S., Respondent-<br>Respondent-Appellant). | ) ) | Judge, Presiding. |

JUSTICE DAVENPORT delivered the judgment of the court, with opinion.
Presiding Justice McDade and Justice Holdridge concurred in the judgment and opinion.

**OPINION**

¶ 1  Respondent, Carolyn J.S., challenges the trial court's order finding her subject to the involuntary administration of psychotropic medication under the Mental Health and Developmental Disabilities Code (Mental Health Code) (405 ILCS 5/1-100 *et seq.* (West 2022)). For the following reasons, we reverse the trial court's judgment.

¶ 2          I. BACKGROUND

¶ 3        At the time of these proceedings, respondent was 58 years old and a resident of Chicago. In 2019, she was admitted to Illinois Masonic Medical Center in Chicago for mental health treatment.

¶ 4        On March 22, 2022, the State petitioned for an order subjecting respondent to involuntary administration of psychotropic medication. At the time, respondent was being held at Linden Oaks Behavioral Health Center, where Dr. Walter Whang was primarily responsible for her care, pending a hearing on the State's earlier-filed petition for an order finding respondent subject to involuntary admission. Dr. Whang prepared the medication petition on a form made available by the Department of Human Services (Department). See Ill. Dep't of Human Servs., Petition for Administration of Psychotropic Medications/Electroconvulsive Therapy, https://www.dhs.state.il.us/onenetlibrary/12/documents/Forms/IL462-2025.pdf (last visited Apr. 4, 2024) [https://perma.cc/JV5W-M7T4]. The petition set forth the reasons for Dr. Whang's conclusion that respondent was subject to involuntary medication:

> "Patient with severe delusions and poor judgement, poor insight, poor impulse control. Patient with severe psychosis cannot care for basic needs. Patient with severe suffering believing she is being drugged, sexually assaulted, followed by a white man planning to harvest her organs."

¶ 5        The petition otherwise tracked the statutory language setting forth the seven requirements for involuntary medication. See 405 ILCS 5/2-107.1(a-5)(4) (West 2022). The petition sought an order permitting the facility to administer certain medications, listing Haldol as the "first choice" and Risperdal, Ativan, and Cogentin as "alternatives." The petition also asked that the facility be allowed to perform a comprehensive metabolic profile, complete blood count, and an electrocardiogram (EKG).

¶ 6        On the morning of March 23, the court entered an order, on the State's motion, appointing counsel for respondent in the medication proceedings and directing that respondent, her attorney, and "all required persons" be given "[a]t least three *** days advance Notice of the time and place of [the] hearing" on the petition. Contrary to the three-days' notice provision, however, the medication petition was set for hearing the next day, March 24. The next morning, respondent's attorney entered her appearance.

¶ 7        On March 23, the State also filed, without first asking for leave, an amended medication petition. The amended petition added to Whang's reasons for his conclusion, stating respondent was a "potential danger to others secondary to her psychosis." It also modified the proposed medications, this time listing both Haldol and Risperdal Consta as "first choice[s]."

¶ 8        The trial court heard the medication petition on March 24. Before evidence was presented, the court and the parties addressed preliminary matters. No one acknowledged the hearing was taking place only two days after the petition was filed and only one day after the amended petition was filed. See *id.* § 2-107.1(a-5)(1) ("The petitioner shall deliver a copy of [a medication] petition, and notice of the time and place of the hearing, to the respondent *** *no later than 3 days prior* to the date of the hearing" on the petition. (Emphasis added.)). Nor did anyone acknowledge the amended petition failed to allege specific facts to support the statutory conclusions stated in the petition.

¶ 9        During the hearing, Whang explained the proposed medication regimen. Whang identified Risperdal Consta as the primary medication and Haldol, Ativan, and Cogentin as alternatives. Whang explained that Risperdal Consta is a long-acting drug used to control psychosis. Risperdal Consta sometimes does not provide an immediate benefit and thus an additional dose may be needed one to two weeks later. Haldol is a fast-acting drug with effects similar to Risperdal Consta.

3

Haldol would be administered every four to eight hours and, if the facility observed "some decrease in psychosis and lack of side effects, then [it] would switch to Risperdal Consta for the long-acting drug." This suggested Haldol and Risperdal would not be given concurrently. Ativan would be given every four to six hours as needed to treat anxiety, aggression, and restlessness. Cogentin is a "rapid response medication" for certain side effects associated with Risperdal Consta and Haldol, and the facility would administer that medication every six hours as needed. With regard to the requested testing—the metabolic profile, blood count, and EKG—Whang testified the tests were "not necessary" to use the requested medications but he included them on the petition "for completeness."

¶ 10        At the conclusion of the hearing, the court found respondent subject to involuntary medication and authorized the administration of the medication identified in the amended petition. The written order did not conform exactly with Whang's explanation of the proposed medication regimen. It identified Risperdal Consta, Haldol, and Ativan as primary medications and did not indicate that Haldol and Risperdal Consta would not be given concurrently. In addition, the order authorized the requested testing as "essential tests and procedures." Both the assistant state's attorney and respondent's counsel signed the order, approving it "as to form." The order was limited to a 90-day duration.

¶ 11        The trial court denied respondent's motion to reconsider, and this appeal followed.

¶ 12                                II. ANALYSIS

¶ 13        Respondent contends the medication order should be reversed because (1) the admission order must also be reversed as it is predicated on an improperly entered admission order, and (2) alternatively, the State's petition and amended petition were facially deficient, the hearing was held without proper notice, and the order does not conform with Whang's testimony. According

4

to respondent, the State disregarded its statutory duty to ensure all petitions and orders were properly prepared (*id.* § 3-101(a)) and respondent's trial counsel was ineffective in failing to hold the State to its duty. We begin with respondent's contention regarding the facial sufficiency of the State's petition.

¶ 14    The State concedes its petition was facially deficient and that respondent's counsel's failure to seek dismissal of the complaint was ineffective assistance. We accept the State's concession.

¶ 15    Respondents in mental health proceedings have a statutory right to counsel. *In re Marcus S.*, 2022 IL App (3d) 160710, ¶ 34; 405 ILCS 5/3-805 (West 2022). "This right to counsel includes the right to effective assistance of counsel; anything less would render the statutory guarantee of counsel a mere hollow gesture serving only superficially to satisfy due process requirements." (Internal quotation marks omitted.) *Marcus S.*, 2022 IL App (3d) 160710, ¶ 34. We apply the familiar standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to claims of ineffective assistance arising under the Mental Health Code: the respondent must show both that (1) his counsel's performance was deficient, and (2) counsel's deficient performance prejudiced him. *Marcus S.*, 2022 IL App (3d) 160710, ¶ 34.

¶ 16    Section 2-107.1(a-5)(4) of the Mental Health Code sets forth seven requirements that must be established before a court can order involuntary medication. 405 ILCS 5/2-107.1(a-5)(4) (West 2022). The State must establish

> "(A) That the recipient has a serious mental illness or developmental disability.
>
> (B) That because of said mental illness or developmental disability, the recipient currently exhibits any one of the following: (i) deterioration of his or her ability to function, as compared to the recipient's ability to function prior to the current onset of symptoms of

5

the mental illness or disability for which treatment is presently sought, (ii) suffering, or (iii) threatening behavior.

(C) That the illness or disability has existed for a period marked by the continuing presence of the symptoms set forth in item (B) of this subdivision (4) or the repeated episodic occurrence of these symptoms.

(D) That the benefits of the treatment outweigh the harm.

(E) That the recipient lacks the capacity to make a reasoned decision about the treatment.

(F) That other less restrictive services have been explored and found inappropriate.

(G) If the petition seeks authorization for testing and other procedures, that such testing and procedures are essential for the safe and effective administration of the treatment." *Id.*

¶ 17        In *Marcus S.*, we considered whether the respondent's counsel was ineffective in failing to seek dismissal of a medication petition. *Marcus S.*, 2022 IL App (3d) 160710, ¶ 37. The petition in *Marcus S.*, like the petition in this case, merely tracked the language of section 2-107.1(a-5)(4). *Id.* We found the petition facially deficient because Illinois is a fact-pleading jurisdiction and the petition alleged mere conclusions and contained no supporting facts. *Id.* We further found the respondent's attorney's failure to seek the petition's dismissal constituted ineffective assistance under *Strickland*. *Id.*

¶ 18        Here, the petition was facially deficient. Just as in *Marcus S.*, it alleged no facts to support the statutory conclusions that respondent was subject to involuntary admission. Notably, these proceedings were initiated only two months after this court issued a rather strong admonition in *Marcus S.* that trial courts, state's attorneys, and respondents' attorneys *must* all do better in mental

health proceedings. *Id.* ¶ 51. In this case, the State violated its statutory duty to properly prepare petitions (405 ILCS 5/3-101(a) (West 2022)) and respondent's trial counsel was ineffective in failing to seek the petition's dismissal (*Marcus S.*, 2022 IL App (3d) 160710, ¶ 37). Accordingly, we reverse the trial court's medication order. And because this issue is dispositive, we need not address respondent's other claims of error.

¶ 19    Finally, we note this appeal is moot because the medication order has expired. *In re Barbara H.*, 183 Ill. 2d 482, 490 (1998). Generally, we do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided. *Id.* at 491. Illinois recognizes exceptions to the mootness doctrine. One such exception is the capable of repetition exception, which applies when (1) "the challenged action [is] of a duration too short to be fully litigated prior to its cessation," and (2) "there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." (Internal quotation marks omitted.) *In re Alfred H.H.*, 233 Ill. 2d 345, 358 (2009).

¶ 20    It is beyond question the first criterion of the capable of repetition exception is satisfied. This issue could not have been fully litigated in this court before the 90-day medication order expired. *Id.*

¶ 21    The second criterion is also satisfied. Given respondent's mental health history, she is reasonably likely to again be subjected to involuntary medication proceedings. A petition is filed in each and every case seeking involuntary medication under the Mental Health Code. 405 ILCS 5/2-107.1(a-5)(1) (West 2022). Thus, the facial sufficiency of a petition is at issue in every such case. And here, Dr. Whang prepared the amended petition on a form that remains available on the Department's website, making it more likely that any future medication petition will suffer the same deficiencies as the petition at issue in this case.

7

¶ 22        We note the State asserts it has implemented procedures since the *Marcus S.* case was decided to ensure its petitions meet the requirements of *Marcus S.* We reject any suggestion, however, that this renders the capable of repetition exception inapplicable in this case. First, the State has not identified the procedures it has implemented to ensure form petitions prepared by mental health professionals comply with the requirements of *Marcus S.* Moreover, we decided *Marcus S.* on January 18, 2022, nearly two months before the medication petition was filed in this case, and yet, respondent contends it suffers from the same defects as the petition in *Marcus S.* Accordingly, we conclude the capable of repetition exception applies to respondent's contention regarding the sufficiency of the petition.

¶ 23                                III. CONCLUSION

¶ 24        For the reasons stated, we reverse the judgment of the circuit court of Du Page County.

¶ 25        Reversed.

*In re Carolyn J.S.*, 2024 IL App (3d) 220249

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 22-MH-157; the Hon. Craig R. Belford, Judge, presiding. |
| **Attorneys for Appellant:** | Veronique Baker and Laurel Spahn, of Illinois Guardianship & Advocacy Commission, of Hines, for appellant. |
| **Attorneys for Appellee:** | Bob Berlin, State's Attorney, of Wheaton (Lisa A. Hoffman and Trevor Prindle, Assistant State's Attorneys, of counsel), for the People. |