2024 IL App (3d) 220250

Opinion filed April 23, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| *In re* CAROLYN J.S., a Person Found Subject to Involuntary Admission, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois. |
| (The People of the State of Illinois, | ) ) | Appeal No. 3-22-0250 |
| Petitioner- Appellee | ) ) | Circuit No. 22-MH-142 |
| v. | ) ) ) | The Honorable Craig R. Belford, |
| Carolyn J.S., | ) ) | Judge, presiding. |
| Respondent-Appellant) | ) | |

PRESIDING JUSTICE McDADE delivered the judgment of the court, with opinion.
Justice Holdridge concurred in the judgment and opinion.
Justice Davenport dissented, with opinion.

OPINION

¶ 1        Respondent, Carolyn J. S., appeals from the order of the circuit court of Du Page County finding her subject to involuntary admission under the Mental Health and Developmental Disabilities Code (Mental Health Code) (405 ILCS 5/1-100 *et seq.* (West 2022)). For the reasons that follow, we reverse the circuit court's judgment.

¶ 2                                    I. BACKGROUND

¶ 3 In March 2022, respondent's daughter brought her to Elmhurst Hospital for a mental health evaluation. On March 14, an assessment specialist completed a petition for involuntary admission, alleging that respondent was subject to involuntary admission pursuant to section 1-119(1) and (2) of the Mental Health Code (*id.* § 1-119(1), (2)). Specifically, the petition alleged that respondent was a person with mental illness who, because of her illness, was (1) "reasonably expected, unless treated on an inpatient basis, to engage in conduct placing such person or another in physical harm or in reasonable expectation of being physically harmed" (see *id.* § 1-119(1)), and (2) "unable to provide for *** her basic physical needs so as to guard *** herself from serious harm without the assistance of family or others, unless treated on an inpatient basis" (see *id.* § 1-119(2)).

¶ 4 On March 15, a physician completed a new certificate that alleged that respondent was subject to involuntary admission, pursuant only to section 1-119(2). Respondent was then transferred to Linden Oaks Behavioral Health Center (Linden Oaks), where, on March 16, Dr. Walter Whang completed a certificate stating that respondent was subject to involuntary admission pursuant only to section 1-119(2).

¶ 5 On March 17, the circuit court entered an order appointing counsel to represent respondent and scheduling a hearing on the petition for March 22, at 1:30 p.m. During the morning of March 22, Dr. Whang completed a new certificate alleging that respondent was subject to involuntary admission pursuant to section 1-119(2) and (3) (*id.* § 1-119(2), (3)). Relevant to section 1-119(3), the certificate specifically alleged that respondent was a person with mental illness who:

"refuse[d] treatment or [was] not adequately to prescribed treatment;

*** because of the nature of *** her illness, [was] unable to understand *** her need for treatment; and

\*\*\* if not treated on an inpatient basis, [was] reasonably expected, based on \*\*\* her behavioral history, to suffer mental or emotional deterioration and [was] reasonably expected, after such deterioration, to meet the criteria of either [section 1-119(1)] or [section 119(2)]." See *id.* § 1-119(3).

¶ 6   On the afternoon of March 22, the circuit court entered an order continuing the hearing on the petition to March 24. At the start of the hearing, the circuit court and the parties addressed preliminary matters, during which time the State did not seek leave to amend its petition in light of Dr. Whang's March 22 certificate.

¶ 7   Following the discussion of preliminary matters, the State called Dr. Whang to testify. During direct examination, the State questioned Dr. Whang about his March 22 certificate, and he testified that he believed that respondent was subject to involuntary admission pursuant to section 1-119(2) and (3), as indicated in the certificate. Respondent objected to this line of testimony, arguing that it was not relevant to the issues framed by the petition. The court overruled the objection.

¶ 8   At the conclusion of its direct examination, the State moved to amend the petition to allege that respondent was also subject to involuntary admission pursuant to section 1-119(3), in addition to section 1-119(2) and in accordance with Dr. Whang's March 22 certificate. Respondent objected, arguing that the hearing had been continued once before and that the amendment was unjustified and would prejudice her cross-examination, which she prepared based on her understanding that the State was proceeding pursuant to section 1-119(1) and (2), as alleged in the petition. The circuit court asked the State what necessitated its "late[-]hour" request, after which the following exchange occurred:

3

"[THE STATE]: Quite frankly, I believe that there was an oversight in having the box [for section 1-119(3)] not being checked on the petition in matching the amended certificate that was filed yesterday by Dr. Whang. I believe that—I mean, I believe that respondent is on notice with the certificate filed by Dr. Whang yesterday, which does check [the boxes for sections 1-119(2) and 1-119(3)], and being the treating psychiatrist and being the witness testifying, that respondent would be on notice that at least Dr. Whang believed that the [section 1-119(3)] criteria is at issue here today.

THE COURT: * * * Just to confirm, the State is asking to amend the petition to conform to the certificate that was filed yesterday, is that correct?

[THE STATE]: Correct."

The circuit court then granted the State's motion to amend the petition and, at the conclusion of the hearing, found that respondent was subject to involuntary admission pursuant to section 1-119(3).

¶ 9    On April 22, 2022, respondent filed a motion for reconsideration. The circuit court denied the motion, and respondent now appeals.

¶ 10                                II. ANALYSIS

¶ 11    On appeal, respondent argues that the circuit court erred by granting the State's motion to amend the petition. In turn, the State argues, and respondent does not dispute, that this appeal is moot because respondent has already been released from Linden Oaks.

¶ 12    As a general rule, reviewing courts do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided. *In re Barbara H.*, 183 Ill. 2d 482, 491 (1998). "An appeal is moot if no actual controversy exists

4

or when events have occurred that make it impossible for the reviewing court to render effectual relief." *Commonwealth Edison Co. v. Ill. Commerce Comm'n*, 2016 IL 118129, ¶ 10.

¶ 13    The record in this case shows that, on March 24, 2022, the circuit court entered an order subjecting respondent to involuntary admission and stating that her period of hospitalization was not to exceed 90 days. During a May 27, 2022, hearing on respondent's motion for reconsideration, the circuit court noted the State's assertion in its written response to the motion that respondent had indeed already been released from hospitalization at Linden Oaks. Thus, this appeal is moot.

¶ 14    Despite agreeing that her appeal is moot, appellant urges us to consider the issues raised in the appeal, pursuant to two recognized exceptions to the mootness doctrine: (1) the public-interest exception and (2) the capable-of-repetition exception. *In re Rob W.*, 2021 IL App (1st) 200149, ¶ 50 (naming the public-interest exceptions and the capable-of-repetition exceptions as two recognized exceptions to mootness). The issue of whether an exception to the mootness doctrine applies must be determined on a case-by-case basis and is reviewed *de novo*. *McHenry Township Road District v. Pritzker*, 2021 IL App (2d) 200636, ¶ 37.

¶ 15    The public-interest exception "permits review of an otherwise moot question where the 'magnitude or immediacy of the interests involved warrant[s] action by the court.' " *In re Shelby R.*, 2013 IL 114994, ¶ 16 (quoting *Felzak v. Hruby*, 226 Ill. 2d 382, 392 (2007)). There are three criteria to this exception: (1) that the question presented is of a public nature, (2) that an authoritative determination of the question is desirable for the future guidance of public officers, and (3) that the question is likely to recur. *Id.*

¶ 16    Bearing upon the first criterion, respondent's appeal raises the issue of whether the circuit court properly allowed the State to amend its petition during the hearing on the petition, and when, according to respondent, this mid-hearing amendment precluded her from developing an adequate

5

defense against the new allegations, thereby violating her right to due process. Our supreme court has stated that "the procedures which must be followed and the proofs that must be made before a court may authorize involuntary treatment to recipients of mental health services are matters of a public nature and of substantial public concern." *In re Mary Ann P.*, 202 Ill. 2d 393, 402 (2002). We have since applied this principle in numerous other involuntary-admission cases. See, *e.g.*, *In re Linda B.*, 2015 IL App (1st) 132134, ¶ 13 ("This issue presents a question of public nature and substantial public concern because it involves a dispute over the procedural requirements for involuntary admission of individuals on an inpatient basis."); *In re Lance H.*, 2014 IL 114899, ¶ 14 (finding that the case involved a question of public nature because it concerned the procedure for how a circuit court must address a respondent's request for voluntary admission after the involuntary-admission hearing had already begun). Thus, in that respondent's appeal pertains to the appropriate procedures for when the State requests to amend its petition during an involuntary-admission hearing, the appeal presents a question of a public nature.

¶ 17　　　As to the second criterion, the State argues that it has not been met because this appeal does not implicate an area in the law that is in disarray or in which there is conflicting precedent. While courts have recognized a need for authoritative determination where, as the State points out, we have been divided on an issue (see, *e.g.*, *In re Andrew B.*, 237 Ill. 2d 340, 347 (2010) ("The second element is satisfied because our appellate court is divided on the issue, resulting in the need for an authoritative determination by this court.")), such a need has also been recognized when an appeal raises an issue of first impression. See, *e.g.*, *In re Rita P.*, 2014 IL 115798, ¶ 37 (finding that an issue was in need of an authoritative determination because it was one of first impression). As respondent points out, there is no Illinois appellate opinion that has addressed the issue of

6

amendments in mental health proceedings. Consequently, the issue is one of first impression and that is in need of an authoritative determination.

¶ 18     Relevant to the third criterion, respondent has a history of mental illness, having once before been found subject to involuntary admission, prior to these proceedings. Additionally, we take judicial notice of the fact that, as respondent points out, the State filed an amended petition in her concurrent involuntary-medication proceedings in case No. 3-22-0249, without first seeking leave to amend. See *In re Marcus S.*, 2022 IL App (3d) 160710, ¶ 47 n.2 ("We may take judicial notice of the record in another case involving the same party or of public documents contained in the record of any other judicial proceeding if doing so would aid us in deciding the instant case."). Last, section 3-611 of the Mental Health Code requires the hearing on an admission petition to be conducted within five days of the petition being filed. 405 ILCS 5/3-611 (West 2022). This short time frame between the filing of a petition and the date by which the hearing on the petition must occur minimizes the State's opportunity to amend the petition prior to the hearing and, as it follows, increases the likelihood of the State seeking to amend the petition during the hearing. Such indicates that the issue of the proper procedures for when the State seeks to amend its admission petition is likely to recur.

¶ 19     However, in arguing that the issue raised in this appeal is not likely to recur, the State points to the fact that, during the hearing on the petition, it expressed to the circuit court that its mid-hearing amendment was due to an "oversight" and not to a routine practice. Even taking this assertion as true, that the State characterizes its mid-hearing amendment as being inadvertent does not, alone, foreclose the possibility of it seeking another mid-hearing amendment in the future. Thus, we find that the third criterion of the public-interest exception is satisfied, and that the exception applies in this case.

¶ 20    Turning to the capable-of-repetition exception, there are two requirements for the exception to apply: (1) that the challenged action "be of a duration too short to be fully litigated prior to its cessation," and (2) that there "be a reasonable expectation that 'the same complaining party would be subjected to the same action again.' " *In re Alfred H.H.*, 233 Ill. 2d 345, 358 (2009) (quoting *Barbara H.*, 183 Ill. 2d at 491).

¶ 21    Respondent argues, and the State does not dispute, that the duration of the admission order was too short for the issue regarding the State's mid-hearing amendment to be fully litigated prior to its cessation, in that the order was effective for only 90 days. We agree. See *id.* (finding that the first criterion under the capable-of-repetition exception had been met because the order was limited to 90 days). We also find that there is a reasonable expectation that respondent would again be subject to a mid-hearing amendment, because, as we noted above, she has a history of mental illness that has once before resulted in her being subject to involuntary admission, and the requirement that a hearing must be conducted within five days of an admission petition being filed increases the likelihood of the State seeking to amend the petition during the hearing. For these reasons, the capable-of-repetition exception also applies.

¶ 22    Relevant to the merits of respondent's appeal, due process in a civil case requires notice, an opportunity to present evidence and argument on one's own behalf, a right to cross-examine adverse witnesses, and impartial rulings being entered on the evidence offered. *Diamond Mortgage Corp. of Illinois v. Armstrong*, 176 Ill. App. 3d 64, 69 (1988). Separately, section 2-616(c) of the Code of Civil Procedure provides that "[a] pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs." 735 ILCS 5/2-616(c) (West 2022). "The decision to grant or deny a motion for leave to amend is within the discretion of the trial court and

8

its decision will not be reversed on appeal absent an abuse of that discretion." *Selcke v. Bove*, 258 Ill. App. 3d 932, 937 (1994).

¶ 23   Respondent cites to *Koplin v. Hinsdale Hospital*, 207 Ill. App. 3d 219 (1990) and *Gray v. City of Plano*, 141 Ill. App. 3d 575 (1986), to support her argument that the circuit court violated her right to due process by permitting the State to make its mid-hearing amendment. In *Koplin*, the plaintiff moved to amend his complaint to conform with the proofs, after he and the defendant rested their respective cases during a preliminary injunction hearing. *Koplin*, 207 Ill. App. 3d at 222, 225, 228-29. The circuit court allowed the plaintiff to amend his complaint, and then issued injunctions against the defendant. *Id.* at 229. On appeal, the appellate court found that the circuit court abused its discretion by allowing the plaintiff to amend his complaint to conform to the proofs because "it served to deprive the [defendant] of its due process right to prepare and offer a defense to a cause of action different from that stated in the original complaint." *Id.* at 238.

¶ 24   Separately, in *Gray*, the circuit court permitted the plaintiffs to file a second-amended complaint to conform to the proofs, at the conclusion of their case-in-chief at trial. *Gray*, 141 Ill. App. 3d at 580-81. Judgment was later entered in favor of the plaintiffs, at the conclusion of the trial. *Id.* at 577. The appellate court reversed the judgment for the plaintiffs, citing to *Blazina v. Blazina*, 42 Ill. App. 3d 159, 165 (1976), the court in which stated:

> "Once a trial has begun[,] ***an amendment should not ordinarily be permitted to set up matters of which the pleader had full knowledge at the time of interposing the original pleading and no excuse is presented for not putting its substance in the original pleading. [Citations.] This is particularly true where the amendment is prejudicial or would alter the nature and quality of proof required to defend."

In reversing judgment for the plaintiffs, the appellate court in *Gray* noted that the plaintiffs did not offer any explanation for why they did not include the additional allegations in their original complaint. *Gray*, 141 Ill. App. 3d at 582.

¶ 25 The admission petition in this case was filed on March 15, 2022, and alleged that respondent was subject to involuntary admission pursuant to section 1-119(1) and (2) of the Mental Health Code. The certificate offered with the admission petition stated that respondent was subject to involuntary admission on these same grounds. However, on March 22, 2022, Dr. Whang completed a new certificate that stated that respondent was subject to involuntary admission pursuant to section 1-119(2) and (3). The State never sought to amend the admission petition prior to the March 24, 2022, hearing on the petition.

¶ 26 During the admission hearing, the State conducted a direct examination of Dr. Whang, who testified that he believed that respondent was subject to involuntary admission under section 1-119(3). After concluding the direct examination, the State sought leave to amend the admission petition to conform to Dr. Whang's latest certificate and allege that respondent was subject to involuntary admission pursuant to section 1-119(1) through (3). In seeking leave, the State stated that its failure to previously allege section 1-119(3) as a ground for involuntary admission was a matter of "oversight." The State also argued that respondent was on notice that at least Dr. Whang believed that section 1-119(3) was a ground for her involuntary admission at issue at the hearing, based on his most recent certificate. The circuit court then allowed the State to amend the admission petition, over respondent's objection, and found that she was subject to involuntary admission under section 1-119(3).

¶ 27 Similar to the circumstances in *Koplin*, the State's mid-hearing amendment deprived respondent of the ability to offer a defense to a new ground for her involuntary admission that was

10

not included in the original admission petition. This stands regardless of whether, as the State argues, Whang's latest certificate put respondent on notice of what he believed were the grounds for involuntary admission. This is because Whang's believed grounds were not dispositive of the grounds upon which the State was actually going to proceed during the admission hearing. Thus, the State's argument that respondent had notice that involuntary admission pursuant to section 1-119(3) would be at issue during the admission hearing is unpersuasive.

¶ 28        Additionally, like the plaintiffs in *Gray*, who did not dispute that they had full knowledge of the allegations that they sought to add via an amended pleading, at the time of the original pleading, so too does the State here not dispute as much. Rather, the State explained to the circuit court that it sought to amend the admission petition merely to correct an "oversight." That the State characterizes its failure to allege section 1-119(3) as a ground for involuntary admission as an "oversight" suggests that the State had full knowledge of this potential ground prior to the admission hearing. Furthermore, as discussed in *Blazina*, the State's mid-hearing amendment altered the quality and nature of proof necessary for respondent's defense against involuntary admission. See generally 405 ILCS 5/1-119 (West 2022) (enumerating the different grounds upon which a person may be subject to involuntary admission). Consequently, the circuit court violated respondent's right to due process by allowing the State to amend the admission petition mid-hearing, and its order granting the State's motion for leave to amend was an abuse of discretion.

¶ 29                                III. CONCLUSION

¶ 30        For the foregoing reasons, we reverse the judgment of the circuit court of Du Page County.

¶ 31        Reversed.

¶ 32        JUSTICE DAVENPORT, dissenting:

11

¶ 33    I respectfully dissent. In my view, respondent failed to establish that her appeal falls within the public-interest exception or capable-of-repetition exception to the mootness doctrine. I would therefore dismiss the appeal as moot.

¶ 34    Respondent challenges a moot order; she was discharged from the facility before she initiated this appeal, and in any event, the order has expired. Respondent contends the circuit court erred when it allowed the State's mid-trial oral motion to amend its petition to include an allegation that respondent was subject to admission under section 1-119(3) of the Mental Health and Developmental Disabilities Code (Mental Health Code) (405 ILCS 5/1-119(3) (West 2022)). Specifically, she argues the court's decision to allow the midtrial amendment was an abuse of discretion that violated her right to due process. Respondent emphasizes the liberty interests involved in these proceedings but otherwise argues the court abused its discretion under the traditional factors a court must consider when deciding a request to amend a pleading. See, *e.g.*, *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273-74 (1992).

¶ 35    The public-interest exception has three criteria: "(1) the question presented is of a public nature; (2) there is a need for an authoritative determination for the future guidance of public officers; and (3) there is a likelihood of future recurrence of the question." *In re Alfred H.H.*, 233 Ill. 2d 345, 355 (2009).

¶ 36    The first criterion requires the specific question presented to be one of broad public interest. *Id.* at 356-57. Thus, questions that are inherently case-specific, such as the review of matters of discretion, are generally not suitable for review under the public-interest exception. *Id.*; *People v. Cousins*, 2023 IL App (1st) 230234, ¶ 16. Though respondent couches her argument as a violation of due process, her true contention is that the circuit court abused its discretion in allowing the amendment under the particular circumstances of this case. See *In re Daniel K.*, 2013 IL App (2d)

12

111251, ¶ 20 (declining to review a matter of discretion—the admission of evidence—under the public-interest or capable-of-repetition exceptions, because the issue was fact dependent). Thus, respondent has not established the first criterion of the public-interest exception.

¶ 37    The next criterion requires that there be a need for an authoritative determination for the future guidance of public officers. In assessing this criterion, we view the state of the law as it relates to the question presented and are concerned primarily with questions that confront disarray in the law or implicate conflicting precedent. *In re Shelby R.*, 2013 IL 114994, ¶ 19. The absence of disarray or conflicting precedent, however, does not necessarily bar review; issues of first impression may also satisfy this criterion. *Id.* ¶¶ 20-21.

¶ 38    In her appeal from the admission order, respondent does not ask us to settle conflicting precedent or provide order to an area of the law that is in disarray. And contrary to respondent's assertion, the question presented in her appeal from the admission order is not a matter of first impression. Admittedly, there exists a dearth of case law involving pleading amendments in cases arising under the Mental Health Code. But the dearth of authority in this specific context does not transform an otherwise common procedural question into a matter of first impression. The parties do not dispute that section 2-616 of the Code of Civil Procedure (735 ILCS 5/2-616 (West 2022)) applied to these proceedings. 405 ILCS 5/6-100 (West 2022). Innumerable cases exist to guide courts in the exercise of their discretion under section 2-616. Here, respondent does not advocate for a rule barring all mid-trial amendments in mental health cases; she asks us to do nothing more than apply well-settled precedent governing pleading amendments to the specific facts of her case and conclude the circuit court abused its discretion. Accordingly, respondent has not established the second criterion of the public-interest exception.

13

¶ 39    The third criterion requires that the question presented be substantially likely to recur. See *Alfred H.H.*, 233 Ill. 2d at 355. Respondent has failed to make this showing. Again, this case presents a case-specific question. This issue does not require an interpretation of or involve the court's compliance with the Mental Health Code, and it does not, by its nature, arise in every mental health proceeding. *Cf. In re Rita P.*, 2014 IL 115798, ¶ 39 (finding the third criterion satisfied where the question presented was the interpretation of a statute that, by its terms, applied to every final order entered under the Mental Health Code and the issue was frequently raised in other appeals). Moreover, respondent has not shown that the question arises frequently in mental health cases. Compare *In re Marriage of Eckersall*, 2015 IL 117922, ¶ 16 (noting the lack of past litigation on the issue demonstrates the issue is not likely to recur), with *In re Laura H.*, 404 Ill. App. 3d 286, 289 (2010) (explaining the frequent recurrence of an issue demonstrates both that further authoritative guidance is needed and the issue is likely to recur).

¶ 40    Additionally, the State acknowledged its "oversight" in failing to ask for leave to amend its petition to conform to Dr. Whang's March 22 certificate in the two-day period before the March 24 hearing. The circuit court accepted the State's representation, finding the State had made a "mistake" that it had not made before and was not likely to make again. There is no basis to second-guess the court's finding, especially since the State acknowledges on appeal, without conceding error, it would have been the "better practice" to ask for leave to amend earlier in the proceedings.

¶ 41    Respondent also notes that the State also amended its petition in the medication proceedings and did so without first asking for leave of court. See *In re Carolyn J.S.*, 2024 IL App (3d) 220249, ¶ 7. She asserts this demonstrates the issue presented in this appeal—whether the court abused its discretion by allowing a mid-trial, oral request to amend—is substantially likely to recur. I disagree. The suggested error in the medication proceedings is different from the error

14

claimed in this appeal. The fact that the State amended its petition in those proceedings does not make it any more likely that the complained-of error in this appeal will arise in the future.

¶ 42     Because respondent has not clearly established each criterion, I would find the public-interest exception does not apply. See *Alfred H.H.*, 233 Ill. 2d at 355-56.

¶ 43     The capable-of-repetition exception has two criteria: (1) "the challenged action must be of a duration too short to be fully litigated prior to its cessation," and (2) "there must be a reasonable expectation that the same complaining party would be subjected to the same action again." (Internal quotation marks omitted.) *Id.* at 358.

¶ 44     This appeal satisfies the first criterion of the exception. The admission order had a duration of 90 days, which was too short to permit this question to be fully litigated prior to its cessation. See *id.*

¶ 45     However, respondent has failed to establish she can reasonably expect to encounter this issue in the future. *Id.* at 358-59. Respondent raises two points concerning this criterion. First, she asserts that based on her history of mental illness and her previous hospitalization, "it is *** reasonable to expect that the same action could confront [her] again." Respondent has a long history of mental illness and previously faced involuntary admission once before. The record also shows she was discharged from the facility before April 22, 2022, that is, at least 59 days before the admission order expired, suggesting she improved to the point of no longer needing involuntary hospitalization. However, given the fact respondent has previously failed to treat her mental illness outside of a controlled setting, we find it reasonably likely she will again be subject to involuntary admission proceedings.

¶ 46     Nevertheless, the mere likelihood that she will again be subject to involuntary admission proceedings does not satisfy the second criterion of the capable-of-repetition exception. See *id.* at

15

359. In *Alfred H.H.*, the supreme court rejected such an argument, reasoning it was too broad. *Id.* Instead, respondent must show "the actions *** have a substantial enough relation that the resolution of the issue in the present case would be likely to affect a future case involving respondent." *Id.*

¶ 47 Again, the question presented here does not involve a matter of Mental Health Code interpretation or compliance and will not, by its nature, necessarily arise in a future case involving respondent. *Cf. Carolyn J.S.*, 2024 IL App (3d) 220249, ¶ 22 (concluding the capable-of-repetition exception applied to an issue involving the sufficiency of a medication petition, because a petition is filed in every case and was prepared on a form still available on the Department of Human Services website). It is a case-specific question that may never arise in any future proceeding involving respondent. And again, there is no reason to doubt the court's finding that the State had, essentially, committed a one-time mistake by waiting until the close of its direct examination of Dr. Whang to ask for leave to amend the petition.

¶ 48 Second, respondent again notes the State filed an amended complaint without first obtaining leave of court in the medication proceedings. *Id.* ¶ 7. This does not establish a reasonable expectation that respondent will again be subject to a midtrial pleading amendment.

¶ 49 Because respondent has not established a reasonable expectation that she would be subjected to the same action again, I would find the capable-of-repetition exception does not apply. See *Alfred H.H.*, 233 Ill. 2d at 358.

¶ 50 Respondent has failed to establish either of her claimed exceptions to the mootness doctrine applies to her appeal. I would dismiss the appeal as moot. Thus, I respectfully dissent.

*In re Carolyn J.S.*, 2024 IL App (3d) 220250

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 22-MH-142; the Hon. Craig R. Belford, Judge, presiding. |
| **Attorneys for Appellant:** | Veronique Baker and Laurel Spahn, of Illinois Guardianship & Advocacy Commission, of Hines, for appellant. |
| **Attorneys for Appellee:** | Bob Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Trevor Prindle, Assistant State's Attorneys, of counsel), for the People. |